### HEATH v. SHAFFER et al.

(District Court, N. D. Iowa, E. D. May 5, 1899.)

1. BANKRUPTCY—ENJOINING PROCEEDINGS IN STATE COURTS.

Where the holder of a chattel mortgage had taken possession of the mortgaged property before the institution of proceedings in bankruptcy against the mortgagor, and thereafter brought suit in a state court for foreclosure of the mortgage against the bankrupt and his trustee in bankruptcy, *held*, that the court of bankruptcy would not, on a bill by such trustee alleging the mortgage to be voidable as an unlawful preference, enjoin the further prosecution of such suit, but the trustee must appear and assert his rights and title in the state court.

2. SAME—JURISDICTION OF STATE COURTS.

The proper state courts have jurisdiction of suits by trustees in bankruptcy for the collection of debts due the estate of the bankrupt, and of controversies between such trustees and adverse claimants with respect to property claimed as belonging to the estate.

In Equity. This was a bill in equity by complainant, as trustee in bankruptcy of the Buntrock Clothing Company, asking for an injunction to restrain the defendants from further prosecuting in a state court a suit brought by them for the foreclosure of a chattel mortgage executed by the bankrupt.

F. F. Swale and D. E. Lyon, for complainant.

Springer & Clary and Henderson, Hurd, Lenehan & Kiesel, for defendants.

SHIRAS, District Judge. In the bill filed in this case it is averred that on the 13th day of December, 1898, the Buntrock Clothing Company, a corporation created under the laws of the state of Iowa, was adjudged to be a bankrupt by this court upon a petition filed by creditors, and that thereafter the present complainant was duly appointed and commissioned the trustee of the estate of said bankrupt corporation; that on the 31st day of August, 1898, the

Buntrock Clothing Company, being then the owner of a large stock of clothing and furnishing goods, of the value of $10,000, executed a chattel mortgage thereon to the defendants herein to secure certain indebtedness described in the mortgage, it being charged that this transfer was made in order to give to the defendants an unlawful preference over the other creditors of said corporation, the defendants knowing such to be the fact. It is further averred in the bill that, after the execution of the chattel mortgage, the defendants took possession of the property therein described, and refuse to yield possession thereof to the complainant as trustee in bankruptcy, and that they have brought a suit in equity in the district court of Chickasaw county, Iowa, against the Buntrock Clothing Company, and the present complainant, as trustee in bankruptcy, for the purpose of foreclosing the mortgage, obtaining a decree for the sale of the mortgaged property, and for the application of the proceeds of the sale to the payment of the debts secured by the mortgage sought to be foreclosed. The prayer of the bill now before this court is that the mortgage be decreed to be fraudulent and voidable, because in contravention of the provisions of the bankrupt act, and that the defendants be enjoined from the prosecution of the foreclosure suit pending in the state court.

Under the provisions of the bankrupt act of 1867, it was uniformly held by the supreme court that the state courts had concurrent jurisdiction with the federal courts over contests between the bankrupt or his assignee and third parties who asserted rights in or to any property claimed by the assignee to be part of the estate of the bankrupt. Thus, in Eyster v. Gaff, 91 U. S. 521, it was said by Justice Miller, speaking for the court, that:

"The opinion seems to have been quite prevalent in many quarters at one time that the moment a man is declared bankrupt the district court which has so adjudged draws to itself, by that act, not only all control of the bankrupt's property and credits, but that no one can litigate with the assignee contested rights in any other court, except in so far as the circuit courts have concurrent jurisdiction, and that other courts can proceed no further in suits of which they had at that time full cognizance; and it was a prevalent practice to bring any person, who contested with the assignee any matter growing out of disputed rights of property or contracts, into the bankruptcy court by service of a rule to show cause, and to dispose of their rights in a summary way. This court has steadily set its face against this view. The debtor of a bankrupt, or the man who contests the right to real or personal property with him, loses none of those rights by the bankruptcy of his adversary. The same courts remain open to him in such contests, and the statute has not devested those courts of jurisdiction in such action. If it has for certain classes of actions conferred a jurisdiction for the benefit of the assignee in the circuit and district courts of the United States, it is concurrent with, and does not devest, that of the state courts."

In McKenna v. Simpson, 129 U. S. 506, 9 Sup. Ct. 365, an assignee in bankruptcy filed a bill in the chancery court of Shelby county, Tenn., to set aside certain conveyances of property executed by the bankrupt as being in fraud of the provisions of the bankrupt act of 1867, and it was objected thereto that the state court was without jurisdiction, but the supreme court expressly held that there was nothing in the bankrupt act which precluded the state court

from entertaining the suit. If, under the provisions of the act of 1867, there existed in the state courts jurisdiction over cases wherein the assignee in bankruptcy and third parties contested the rights to certain property, certainly it must be held that the state courts possess a like jurisdiction under the present act. If the trustee, complainant in this action, should not appear in the state court, and that court should decree a foreclosure of the mortgage given by the Buntrock Clothing Company and order a sale of the property, the title of the purchaser at such sale could not be attacked collaterally. The state court is not bound to assume that its jurisdiction is affected by the proceedings in bankruptcy, unless the trustee presents the question in some proper form to that court. Thus, in Eyster v. Gaff, supra, the supreme court, referring to the state court, said:

"It was competent to administer full justice, and was proceeding, according to the law which governed such a suit, so to do. It could not take judicial notice of the proceedings in bankruptcy in another court, however seriously they might have affected the rights of parties to the suit already pending. It was the duty of that court to proceed to a decree as between the parties before it, until, by some proper pleadings in the case, it was informed of the changed relations of any of those parties to the subject-matter of the suit. Having such jurisdiction, and performing its duty, as the case stood, in that court, we are at a loss to see how its decree can be treated as void. It is almost certain that if, at any stage of the proceedings, before sale or final confirmation, the assignee had intervened, he would have been heard to assert any right he had or set up any defense to the suit."

Thus is stated the correct rule for the guidance of the trustee in cases of this character. He should appear in the state court, and, by pleading the adjudication in bankruptcy and his appointment as trustee, lay the foundation for the protection of his rights. If he questions the jurisdiction of the state court, he can plead thereto in proper form. If the case be one that is removable under the provisions of the judiciary act, he can make the requisite showing. If he does not dispute the validity of any lien asserted by the plaintiff, he can set up his title and rights as trustee, subject to the admitted lien, and the state court will protect his rights in the premises. If he wishes to contest the validity or extent of the adverse claim asserted by the plaintiff in the state court, he can do so by answer or cross bill. If, upon the hearing, the state court holds and adjudges the plaintiff's claim or lien to be invalid and void either at the common law or under the provisions of the bankrupt act, that court would, undoubtedly, order the property to be delivered to the possession of the trustee. If the state court holds and adjudges the lien of the plaintiff to be valid, it would, upon the proper showing, also recognize the title and rights of the trustee, subject to the lien of the plaintiff, and would enforce the same according to the true intent and meaning of the bankrupt act. In some of the discussions had upon this general subject, it seems to be assumed that the state courts cannot aid in carrying out the general provisions of the bankrupt act, and that the trustee can only appeal to the courts of bankruptcy when seeking to secure a disposition of a bankrupt's estate under that act; but this is a mistaken view of the law. The state courts, in all proceedings pending before them, have the right to apply and enforce the provi-

sions of the bankrupt act in the determination of the questions at issue before them, and can give full protection to the rights of the trustee. The bankrupt act is the law of the land, and the state courts have full right to enforce its mandate in all proceedings properly before them. Of course, it is not meant by this that a state court can adjudge a person to be bankrupt, or grant him a discharge, or control the distribution of the bankrupt's estate; but what is meant is that in all suits pending before them, wherein may be involved a contest between the trustee and a third party, which depends, in whole or in part, upon the provisions of the bankrupt act, the state courts must, of necessity, have full right and jurisdiction to apply and enforce the provisions of the bankrupt act, not only in deciding the question of right at issue, but in securing to the parties the proper protection accorded to them under the act. Thus, in the proceeding pending in the state court, even though the court should adjudge the lien of the mortgage to be valid, it would undoubtedly recognize and properly protect the right of the trustee in the mortgaged property, and in ordering a sale of the property would have due regard to the rights and equities of the mortgagees and the trustee alike. Taking into consideration the entire provisions of the act, it clearly appears that it was the intent of congress to utilize the state as well as the federal courts in administering the law, at least in cases wherein an adversary claim may exist between the trustee and third parties. In this respect the state and federal courts hold a position somewhat analogous to that existing with relation to the estate of deceased persons. The federal courts have not probate jurisdiction, and therefore cannot undertake the administration of the estates of decedents, but they may, under proper circumstances, hear and adjudge controversies between third parties and the executors or administrators of the estate. Yonley v. Lavender, 21 Wall. 276; Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. 377; Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906.

So, the courts of the several states are not created courts of bankruptcy, and therefore they cannot adjudge parties to be bankrupts under the act of congress, nor can they grant a discharge to a bankrupt, nor can they control, through the trustee, the distribution of the assets coming into the hands of the trustee, but they have jurisdiction to collect, at the suit of the trustee, the debts due the estate, and have also jurisdiction over controversies between the trustee and third parties with respect to the property claimed by the trustee to belong to the estate.

Upon the face of the present bill, it appears that the mortgage complained of was executed, and possession of the mortgaged property was taken, by the defendants herein, long previous to the filing of the petition in bankruptcy. The mortgagees, desiring to foreclose the mortgage, brought suit to that end in the state court, that being the only court in which they could institute foreclosure proceedings. The mortgaged property was not in possession of the trustee or of the court in bankruptcy, and the foreclosure proceedings were not brought for the purpose of taking the property away from the trustee, or from in any mode interfering with the control of any property in the actual

custody of the court in bankruptcy; and I can see no ground for holding that the state court was without jurisdiction to entertain the suit originally, or that the suit should be stayed by an injunction from this court. Furthermore, there is very grave doubt whether this court has jurisdiction over this proceeding, viewed as a bill brought to test the validity of the mortgage sought to be foreclosed in the state court. The bankrupt, the trustee, and the mortgagee are all citizens of the state of Iowa, and the question is whether, under the provisions of the second clause of section 23 of the Bankrupt Act of 1898, jurisdiction can be maintained, except with the consent of the defendants. In terms, this clause enacts that suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought the same, if proceedings in bankruptcy had not been instituted. If this limitation applies to the district courts of the United States, it is clear that this court is without jurisdiction over the present bill, and I am greatly inclined to the view that this clause is a limitation upon the jurisdiction of the district court. In the case of In re Sievers, 91 Fed. 366, is to be found a very strong argument by Judge Adams in support of the view that this clause of section 23 is intended to apply only to the circuit courts. The contrary view is held by Judge Bellinger in Burnett v. Mercantile Co., Id. 365, and by Judge Buffington in Mitchell v. McClure, Id. 621. As this case is now before me solely upon the application for a preliminary injunction, and as I hold that, assuming that this court might have jurisdiction, the showing for the issuance of an injunction is not sufficient, it is not necessary to finally decide this question of the extent of the jurisdiction of this court, although, as already stated, I incline to the view that the jurisdiction does not exist in a case of this character. The application for an injunction is refused.