Syllabus.

## C. D. LUFKIN, TRUSTEE, *v.* GRAND HOTEL COMPANY, LIMITED.

## No. 1127.

APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.
HON. L. L. BURR, JUDGE.

SUBMITTED SEPTEMBER 24, 1919.          DECIDED OCTOBER 4, 1919.

KEMP, J., AND CIRCUIT JUDGES DEBOLT AND BANKS IN
PLACE OF COKE, C. J., ABSENT, AND EDINGS, J.,
DISQUALIFIED.

BANKRUPTCY—*jurisdiction of courts of bankruptcy.*

District courts of the United States as courts of bankruptcy have jurisdiction to determine the validity of a mortgage executed by the bankrupt whether the alleged invalidity is due to provisions of the bankruptcy act, the common law or statutory enactment.

SAME—*same—effect of adjudication by bankruptcy court.*

Where the petitioning creditors in an involuntary bankruptcy proceeding elect to litigate in the bankruptcy court the validity of a mortgage given by the bankrupt neither they nor the trustee who represents them will again be heard upon the same issue in another court.

OPINION OF THE COURT BY KEMP, J.

This is an appeal from an order of the judge of the circuit court of the second judicial circuit denying leave to Ferdinand Schnack, trustee in bankruptcy of the estate of the Grand Hotel Company, Limited, a corporation, to intervene and defend in the suit of C. D. Lufkin, trustee for the First National Bank of Wailuku, and H. Streubeck, *v.* Grand Hotel Company, Limited, a corporation. On June 4, 1917, the said C. D. Lufkin, as such trustee, filed his bill before the circuit judge of the second judicial circuit at chambers in equity against

the Grand Hotel Company, Limited, a corporation, to foreclose a mortgage given to him in his representative capacity by the said respondent Grand Hotel Company, Limited, on the 28th day of November previous. On the 6th day of June, 1917, the respondent filed its answer in which it confessed the truth of the allegations in the bill and joined in the prayer of the petitioner for the appointment of a receiver whereupon the circuit judge entered a decree *pro confesso* foreclosing said mortgage and ordered the property sold at public auction on July 14, 1917, to satisfy the indebtedness found due from the mortgagor to the mortgagee and appointing a receiver to take charge of and conduct said Grand Hotel business until such foreclosure sale is in all respects complete and the regular order confirming the same shall have been made.

It does not appear from the record, but it does appear from statements in appellant's brief and concurred in by the appellee, that on July 13, 1917, a petition in involuntary bankruptcy was filed in the United States district court for the Territory of Hawaii praying that the respondent, the Grand Hotel Company, Limited, be adjudged a bankrupt, and upon the same day the said court upon application of the petitioning creditors ordered further action in the foreclosure proceedings stayed until hearing and decision upon an order to show cause directed to the petitioner C. D. Lufkin ordering him to be and appear before the said court as directed in said order to show cause why said stay should not be continued. The hearing on the order to show cause was continued from time to time and finally submitted upon the evidence taken at the hearing of the petition for involuntary bankruptcy. It does appear from the record that on July 19, 1918, the Grand Hotel Company, Limited, was adjudged a bankrupt and on said date a

decree was entered in the bankruptcy court in said cause wherein it was "adjudged and decreed that the indenture of mortgage dated November 28, 1916, made and executed by the Grand Hotel Company, Limited, to C. D. Lufkin, as trustee, for the First National Bank of Wailuku and H. Streubeck * * * is a valid and subsisting mortgage and lien, and that the proceedings begun and had in the circuit court of the second judicial circuit of the Territory of Hawaii, at chambers, in equity, wherein the said C. D. Lufkin, as such trustee, is plaintiff and the Grand Hotel Company, Limited, the said mortgagor, is defendant, for the foreclosure of said mortgage, does not constitute and is not a preference in law, and that the said circuit court of the second judicial circuit of the Territory of Hawaii has due jurisdiction of such proceedings, and the amended motion to vacate and set aside the order of date July 13, 1917, staying the proceedings in such cause be and the same is hereby granted, and the said order of date July 13, 1917, staying the proceedings in that certain action pending in the circuit court of the second judicial circuit, Territory of Hawaii, at chambers, in equity, in which C. D. Lufkin, as trustee for the First National Bank of Wailuku and H. Streubeck is plaintiff, and the Grand Hotel Company, Limited, a corporation, is defendant, is hereby set aside, vacated and dismissed."

A certified copy of the above decree was filed in this cause on July 23, 1918, and while the same was not originally made a part of the record on appeal we have ordered the certified copy so filed in this cause sent up to become a part of the record on appeal.

On the 8th day of August, 1918, Ferdinand Schnack filed his motion in the said foreclosure proceeding for leave to intervene therein, from which motion it appears that on the 19th day of July, 1918, the said Grand Hotel

Company, Limited, was adjudged a bankrupt and that at the first meeting of the creditors, which was held on the 3d day of August, 1918, he, the said Ferdinand Schnack, was appointed trustee of the estate of the said bankrupt and that he qualified as such on the 5th day of August, 1918. It further appears from said motion that on the 6th day of August the said trustee applied to the bankruptcy court for leave to apply to the circuit judge for permission to intervene and defend in the foreclosure suit aforesaid and that permission therefor was granted by said court. In said motion it was further alleged that on the 28th day of November, 1916, the First National Bank of Wailuku, Limited, and H. Streubeck each loaned and advanced to the Grand Hotel Company, Limited, the sum of $10,000, aggregating the sum of $20,000, and that the bankrupt as security therefor executed its notes and mortgage which were the subject of said foreclosure suit; that at said time, as the said bank and the said Streubeck well knew prior to loaning and advancing said sums to said bankrupt, the bankrupt owed the aggregate sum of $25,720.29; that said additional indebtedness of $20,000 so secured was incurred without the consent of the existing creditors of the bankrupt or any of them and contrary to the provisions of section 3302 R. L. 1915, the capital stock of the bankrupt being then the sum of $25,000; that the moneys so borrowed were used by the bankrupt for purposes other than discharging either in whole or in part the debts it then owed and the indebtedness of said bankrupt was thereby increased to $45,720.29.

The trustee also proffered with his motion a proposed answer containing in substance the same allegations, and praying "that the decree of foreclosure heretofore and on to-wit the 7th day of June, A. D. 1917, entered herein be vacated and set aside; that the petitioner take noth-

ing by his said suit; and that the bill of complaint herein be dismissed and that this repliant have costs herein incurred."

Upon a hearing of the motion by the circuit judge the same was denied for the reasons, as stated in his decree, (1) that the movant had no proper standing to file the proposed answer; (2) that inasmuch as the judgment had been rendered upon June 7, 1917, the said motion was not proper in that it came too late, and (3) that the proposed answer did not set up facts sufficient to constitute a defense to the complaint on file in said suit.

The appellee has argued as reasons why the order of the circuit judge refusing leave to the appellant to intervene in said foreclosure proceeding should not be sustained, (1) that the decree or order denying leave to intervene was within the discretion of the circuit judge and therefore not appealable; (2) that the appellant should have first moved to set aside the judgment as a condition precedent to filing his motion for leave to intervene, and (3) that the motion to intervene came too late and could not be allowed after the decree. The appellant has contested all of these questions, and assuming, without so deciding, that the appellant's contention upon all of these questions is correct still if his motion and answer which were proffered for filing did not set forth facts which if true would entitle him to the relief or any of the relief for which he prayed the order of the circuit judge denying him the right to intervene would not be set aside.

It is contended by the appellee that the motion and answer did not state facts which would entitle the appellant to the relief or any of the relief for which he prayed for the reason that the question which he sought to have litigated had already been litigated and adjudicated against his contention by the United States district court

for the Territory of Hawaii sitting as a court of bankruptcy. The appellant's response to this contention is that the United States district court was without jurisdiction to decide said question and that any attempt to do so was beyond its powers.

There can be no question but that the decree of the bankruptcy court, a certified copy of which was filed in the circuit court prior to the filing of the motion for leave to intervene, did adjudge and decree that the mortgage in question was a valid and subsisting lien and if it had the jurisdiction to determine that question the parties to such proceeding would undoubtedly be precluded from asserting the same matters in another court. The act of Congress of July 1, 1898, entitled, "An Act to establish a uniform system of bankruptcy throughout the United States" (30 Stat. L. 544), creates the United States district courts courts of bankruptcy and undertakes to confer upon them such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, and among the many general and specific powers which section 2 of said act confers upon said courts, it authorizes them to make such orders, issue such process and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act and the section which contains the specific and general provisions governing the jurisdiction of bankruptcy courts at its conclusion provides "that nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated."

The main purpose of the bankruptcy act is to administer the estate of the bankrupt and to see to it that his estate is applied *pro rata* to the payment of his debts

where a preference has not been legally secured by some of the creditors.

From these provisions it seems clear to us that Congress intended to confer upon the bankruptcy courts full power and jurisdiction to guard the interest of the bankrupt's creditors, and certainly if the mortgage in question was void as to such creditors, as contended by the appellant, the bankruptcy court in the exercise of this power had full power and jurisdiction to adjudge whether it was void by reason of the provisions of the bankruptcy act, the common law or statutory enactment.

The question here involved must not be confused with the right of a trustee in bankruptcy to bring an independent suit in the district courts of the United States in cases where no facts, such as diversity of citizenship, exist to confer upon such court jurisdiction of the parties. Neither are we to be understood as holding that the circuit court had not jurisdiction to try the question involved had resort been first had to that court by the parties. It was the right of the creditors to refrain from raising the question of the validity of the mortgage in the bankruptcy court and after the adjudication to have their trustee apply to the circuit court just as he did for leave to intervene and make the defense. But having elected to litigate this question in the bankruptcy court, which we think had full authority and jurisdiction to determine the question, neither they nor the trustee who represents them will again be heard to urge this question. *In re Sievers*, 91 Fed. 366.

There are cases where the jurisdiction of the United States district court was invoked by bill in equity to enjoin the exercise by a state court of jurisdiction over such controversies as this between trustees in bank-

ruptcy and third parties wherein it was held that the court had not jurisdiction (*Heath* v. *Shaffer*, 93 Fed. 647), but as we have said we do not regard such cases as authority on the question of the right of such court sitting as a court of bankruptcy to determine the question of the validity of any transaction involving the bankrupt.

Having reached the conclusion that the bankruptcy court had full power and jurisdiction to adjudicate the question of the validity of the mortgage and that it has adjudicated said question it would seem to be unnecessary for us to further discuss the question of whether or not the proffered answer of the movant set forth facts which would entitle him to the relief sought or any relief. This would undoubtedly be so unless the movant was entitled notwithstanding the validity of the mortgage in question to the relief or some of the relief which he sought to obtain through said intervention.

It is undoubtedly true that if the mortgaged property should at a foreclosure sale bring an amount in excess of that necessary to discharge the debt of the mortgagor to the mortgagee and pay the expenses of litigation the trustee in bankruptcy would be entitled to such excess as a part of the estate of the bankrupt. It is also true that at the time of the hearing on the motion for leave to intervene the property in question had not been sold and it had not been and could not at such time have been ascertained whether or not there would be such surplus. It appears, however, from a decree entered by the circuit judge on the 19th day of August, 1918, overruling certain objections to confirmation of sale, confirming the sale of property, approving and allowing costs of court and commissioner's and attorney's fees and awarding a deficiency judgment that the property sold for less than sufficient to satisfy said mortgage and the costs and ex-

penses of litigation and that a deficiency judgment for $4415.12 was entered against the Grand Hotel Company, Limited, in favor of said C. D. Lufkin, trustee.

The objections which the trustee in bankruptcy urged to the confirmation of said foreclosure sale have not been brought up on appeal nor does the notice of appeal in this case include the decree confirming said sale, the appeal being solely from the decree entered on the same day, namely, the 19th day of August, 1918, denying the motion for leave to intervene and defend.

If we are at liberty to consider the facts disclosed by the decree confirming the sale, and since said decree has been made a part of the record on this appeal we see no reason why we should not consider them, it would appear that no relief could have been granted to the movant had he been permitted to intervene for the reason that the mortgaged property was not of sufficient value to satisfy the mortgage debt and costs and the motion was therefore properly denied.

*E. Vincent, D. H. Case* and *Thompson & Cathcart* for petitioner.

*Peters & Smith* for the trustee in bankruptcy, movant.