**B. F. Johnson and Morris Logue, Appellants, v. John Weir et al., Appellees.**

**Gen. No. 8,666.**

ion filed January 16, 1933.    Rehearing denied April 5, 1933.

DUANE GAINES, G. F. BENNETT and S. M. SCHOLFIELD, for appellants.

LEWMAN & CARTER, for appellees.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

This is an appeal from a decree sustaining a demurrer to a creditor's bill filed by appellants and dismissing the same for want of equity.

The original bill was filed by appellant B. F. Johnson on October 8, 1930, and alleged that on May 8, 1930, he obtained a judgment against two of the defendants, John Weir and Meda Weir, in the sum of $5,951.67 and costs of suit; that an execution was issued by virtue of said judgment on May 8, 1930, and returned unsatisfied; that upon information and belief John Weir has in his possession divers securities and evidences of indebtedness to him, and goods, wares and merchandise or other articles of personal property which belong to him or in which he has some beneficial interest, and that he has equitable interest and things of some nature and kind which might and ought to be applied to the payment of complainant's judgment; that said John Weir is the owner of or in some manner beneficially interested in some real estate in this State and other States and had other personal assets which might be subject to the payment of said judgment, and that the other parties defendant have certain personal assets in their possession, the property of said John Weir, and that they should make full and complete discovery thereof, etc. It is further alleged in the bill that said John Weir and Meda Weir fraudulently transferred and conveyed eight different parcels of real estate for the purpose of defrauding his creditors; that said conveyances were made without consideration when the said Weirs were insolvent and were made to certain near relatives, viz.: Fannie Weir, a sister-in-law; S. W. Weir, a brother of John Weir; Edgar Weir, a son of John Weir, Duane Colmey and Edward E. Bauer, sons-in-law of said John Weir and Meda Weir. The bill also contains the usual allegations and prayer found in creditors' bills.

John Weir was adjudged a bankrupt November 24, 1931, and on March 14, 1932, appellant, Morris Logue, as trustee in bankruptcy, filed a petition in the cause asking to be made a joint complainant with Johnson. This petition was allowed and the bill amended to

show that the trustee was also a complainant. To this final bill as amended a demurrer was interposed by appellees which was both general and special. The grounds for the special demurrer are that the bill as amended shows that the complainant Johnson has no interest in the subject matter thereof and is not entitled to any relief prayed therein; that the bill is multifarious; that certain allegations are indefinite and uncertain, etc.

In regard to the first special cause for demurrer, counsel for appellees claim:

"It is the contention of the appellees that the institution of bankruptcy proceedings caused any and all rights to the property alleged to be transferred in fraud of creditors, to be transferred to the trustee in bankruptcy and that, therefore, Johnson is not a proper party complainant and that because of the bankruptcy, the defendant John Weir is not a proper party defendant, because no relief can be had against him, the trustee merely having a right to pursue any property that John Weir may have fraudulently transferred."

We cannot see the force of this contention. The rule has always been, so far as we have been able to discover, that when a suit in a State court has been instituted four months prior to the commencement of bankruptcy proceedings to enforce a valid lien on the bankrupt's property, the jurisdiction of such State court is not affected by the bankruptcy proceedings, and such court, having first obtained jurisdiction over the property subject to the lien, may proceed to final judgment and enforcement of the lien. The jurisdiction of the bankruptcy court does not supersede the jurisdiction of the State court in such case and the plaintiff or complainant cannot be compelled to seek the enforcement of the lien in the bankruptcy court. *Metcalf Bros. & Co. v. Barker,* 187 U. S. 165; *Pickens*

*v. Roy,* 187 U. S. 177; *In re Holloway,* 93 Fed. 638; *Heath v. Shaffer,* 93 Fed. 647, and many others. In the case of *Griffin v. Lenhart,* 266 Fed. 671, it was said:

"Doubtless it might have been held with strong reason that the court of bankruptcy upon adjudication drew to itself for the purpose of administration all the assets and liabilities of the bankrupt of every form, giving, however, full effect to all liens lawfully acquired more than four months before the filing of the petition. But the Supreme Court, considering the reasons stronger for a different view, laid down the general rule that, where a state court has obtained complete jurisdiction by proceedings, either legal or equitable, instituted by creditors for the enforcement of their demands, and under which they have acquired liens upon the property more than four months before the filing of the petition, the state courts should proceed with the enforcement of the liens and a final disposition of the property and of the cause without interference from the bankruptcy court."

In the case of *In re United Wireless Telegraph Co.,* 192 Fed. 238, it was held that a suit in a State court to set aside a conveyance of property then held by the defendant on the ground of fraud is essentially one *in rem,* and creates an equitable lien on the property, and, on the bankruptcy of the defendant, the bankruptcy court, having no power to compel the complainant in such suit to submit his claim to its jurisdiction, has no power to enjoin the suit. In *Virginia-Carolina Chemical Co. v. Rylee,* 139 Ga. 669, it was held that an action to cancel certain deeds and to subject the land to liens, was unaffected by the debtor's subsequent adjudication as a bankrupt more than four months after the liens were obtained.

We think this doctrine is too well established to warrant further discussion. The entry of the judg-

ment and issuance of the execution in the case at bar perfected a lien upon whatever property the defendant Weir might have had and established complainant's right to have the lands conveyed by Weir, if such conveyances were fraudulent as against creditors, subjected to the lien of his judgment, and he, having filed his bill for this purpose more than four months prior to the institution of the bankruptcy proceedings, is not affected by the bankruptcy act.

Nor do we think it was improper for the trustee in bankruptcy to be made a party complainant. The bankruptcy act specifically provides that the trustee shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied. This bill is brought for the benefit of all the creditors of the Weirs who might desire to join therein. The trustee stands in the position of such a creditor. If the complainant should be successful in the prosecution of his suit with the result that there should be a surplus over and above the amount necessary to satisfy his judgment, the trustee would be entitled to such surplus for the benefit of the other creditors of the bankrupt. It has been held in several cases that where the facts warrant it, the trustee will be permitted, or directed, to intervene in a foreclosure suit in a state court. *Heath v. Shaffer, supra; In re Porter,* 109 Fed. 111.

It is also contended that the bill is multifarious in that the respective defendants to whom it is alleged the different tracts of land were fraudulently conveyed might have separate and distinct defenses. It was held in *Stephens v. Collison,* 249 Ill. 225, that the mere fact two or more distinct matters are joined in a bill merely to prevent a needless multiplicity of suits, and which in nowise prejudice or inconvenience a defendant or cause him additional expense, does not render a bill in chancery multifarious, and it was held in

*King v. Rice,* 285 Ill. 123: "Courts of equity allow great liberality in joining several matters in one bill when all the causes of action grow out of the same transaction, all the defendants are interested in the same rights and the relief against each is of the same general character. It is not essential that the parties each have an interest in all the matters involved in the suit, but it is sufficient if they each have an interest in some matter involved in the suit and are connected with the others."

The bill in substance and effect alleges that the defendant Weir and the defendants to whom he conveyed the different tracts of land entered into a conspiracy to aid him in defrauding his creditors, and that such conveyances were mere shams and without considerations. We cannot see how any of these defendants would be prejudiced by being joined in the same bill.

In our opinion, the chancellor erred in sustaining the demurrer to this bill and the decree is reversed and the cause remanded with directions to overrule the demurrer thereto.

*Reversed and remanded with directions.*