(36 Misc. Rep. 112.)

### BREIN v. LIGHT et al.

(City Court of New York, General Term. October, 1901.)

CONTEMPT—SUIT AGAINST RECEIVER.

    Where a receiver in supplementary proceedings is sued, without leave of court, by one not a party to the proceedings, for taking from him property which he claims as his own, he is not punishable therefor as for a contempt.

Appeal from special term.

Action by Charles Brein against Max Light. Application by Mark Jacobs, receiver, to punish Abraham Eisenbud for contempt. From an order denying the same, the receiver appeals. Affirmed.

Argued before McCARTHY, CONLAN, and SCHUCHMAN, JJ.

Leon Sanders (J. Brownson Ker, of counsel), for appellant.
Louis Levy, for respondent.

McCARTHY, J. This is an appeal from an order denying a motion to punish the respondent herein for contempt of court, in bringing an action in the municipal court of the city of New York, for the Fifth district, borough of Manhattan, wherein Eisenbud was plaintiff and Mark Jacobs was defendant, without first having obtained leave of court to do the same. This appeal must be, and is, a simple one. The court, in Dewey v. Finn, 18 Wkly. Dig. 558, 559, and the cases there cited, says:

"When property is in the possession of a third party, and claimed to be owned by him, the same cannot be taken by a receiver; nor can the third party be ordered to deliver the same to the receiver. When the property is forcibly taken by a receiver, the order appointing him cannot justify the taking. Parker v. Browning, 8 Paige, 390; Cowdrey v. Coit, 44 N. Y. 383, 4 Am. Rep. 690; Bank v. Richards, 3 Hun, 367. But the court did not protect the rights of the receiver by a summary proceeding against a person not a party to the suit who seized upon property which was not in the possession of the receiver or his agents. A third party whose property is seized and carried away from his possession is entitled to the usual remedy given by common law, and for asserting such right, where he has not been made a party to the prior proceeding or had notice thereof, he ought not to be punished as for a contempt,"—which has not been overruled.

The order is affirmed, with costs.
Order affirmed, with costs. All concur.