GEORGINA M. CROSBY *vs.* ALBERT M. SPEAR.

SAME *vs.* SAME.

Kennebec.    Opinion April 8, 1904.

*Jurisdiction,* State and Federal Courts, when exclusive and concurrent.    *Bankruptcy.*
Trustee's title and possession.    *Replevin,*—when not maintainable
against trustee.

When a court, State or Federal, has once taken into its jurisdiction a specific
thing, no court, except one having a supervisory control or superior juris-
diction in the premises, has a right to interfere with and change that pos-
session.

After an adjudication in bankruptcy and qualification of the trustee, the
bankrupt's property is placed in the possession of the bankruptcy court.

An action of replevin in a state court cannot be commenced and maintained
against the trustee to recover property in the possession of and claimed by
the bankrupt at the time of the adjudication, and in the possession of the
referee in bankruptcy at the time when the action is begun.

An adverse claimant may bring suit in the state court and try the title to
the property; but after the jurisdiction of the bankruptcy court has once
attached he cannot take the property in specie out of the possession of
that court or of any of its agents.

On report.    Plaintiff nonsuit.

Two actions of replevin, between the same parties, to recover pos-
session of certain store fixtures, etc., from the defendant, the trustee
in bankruptcy of F. Elbridge Drake, a bankrupt.

The property was in the bankrupt's possession at the time of his
adjudication in bankruptcy and was taken by the plaintiff by writs
of replevin from the trustee subsequently appointed.

At the close of the testimony the presiding justice, with the con-
sent of the parties, reported the case to the law court to determine
the question whether the actions could be maintained.

The facts will be found in the opinion.

*Geo. W. Heselton and A. M. Goddard,* for plaintiff.

*Orville D. Baker,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, JJ.

POWERS, J. The sole question raised by the report is whether these two actions of replevin can be maintained in the state court.

F. Elbridge Drake of Gardiner, remaining partner of F. E. Drake & Co., filed his voluntary petition in bankruptcy May 21, and was duly adjudged bankrupt by the United States District Court of Maine on May 26, 1900. The defendant was thereupon appointed and qualified as trustee of the individual and partnership estate of the bankrupt, and took possession of the store fixtures constituting the property replevied, claiming title to them as trustee. These fixtures were in the bankrupt's possession at the time of the adjudication and were included by him in his schedules as a part of the partnership estate, and he also there stated that he understood they would be claimed by the plaintiff. July 3, 1900, the plaintiff sued out these two writs of replevin, and under them the property in controversy was taken from the possession of the trustee in bankruptcy and delivered to the plaintiff.

It is familiar doctrine that when a court, State or Federal, has once taken into its jurisdiction a specific thing, no court, except one having a supervisory control or superior jurisdiction in the premises, has a right to interfere with and change that possession. This principle is fully illustrated and ably vindicated by Mr. Justice Matthews in *Covell* v. *Heyman,* 111 U. S. 176, cited and relied upon in *White* v. *Schloerb,* 178 U. S. 542, and is necessary to prevent unseemly and vexatious collision between the State and Federal courts. It applies as well to property held by the State as by the United States courts "excepting those cases wherein the latter exercise jurisdiction for the purpose of enforcing the supremacy of the Constitution and laws of the United States."

We are unable to distinguish this case from *White* v. *Schloerb*, supra. It was there held, "after an adjudication in bankruptcy, an action of replevin in a state court cannot be commenced and maintained against the bankrupt to recover property in the possession of and claimed by the bankrupt at the time of that adjudication, and in the possession of the referee in bankruptcy at the time when the action of replevin is begun."

There the property was in the possession of the referee, here it was in the possession of the the trustee. The latter was as much the officer and agent of the District Court as the former. It matters not what particular officer of the court is holding the property or what may be his title. He holds it as the agent of the court whose representative he is. His possession is its possession. It brings it within the jurisdiction of that court, and from that jurisdiction it cannot be taken by any process issuing out of this court. An adverse claimant may bring suit in the state court and try the title to the property; but after the jurisdiction of the bankruptcy court has once attached he cannot take the property in specie out the possession of that court or of any of its agents. *Truda* v. *Osgood*, 71 N. H. 185; *Weeks* v. *Fowler*, 71 N. H. 221.

The filing of the petition in bankruptcy is a caveat to all the world and in effect an attachment and injunction, and on adjudication and qualification of the trustee, the bankrupt's property is placed in the custody of the bankruptcy court. *International Bank* v. *Sherman*, 101 U. S. 403; *Mueller* v. *Nugent*, 184 U. S. 1.

The decision here reached is not based upon any express provision of the Bankrupt Act of 1898 conferring exclusive jurisdiction upon the United States Court in actions relating to the estate of the bankrupt. On the contrary, it is conceded that this court has concurrent jurisdiction of all questions of title to property derived through the bankruptcy proceedings. A party claiming the same may prosecute any remedy, to which he is entitled, that does not involve a withdrawal of the property from the custody of the officer and of the jurisdiction of the court, in any court, State or Federal, having jurisdiction of the parties and the subject matter. The objection

to these actions of replevin is that, after the bankruptcy court has taken the property into its possession, they change the judicial custody of the property and aim to transfer its actual possession to a new court and a new jurisdiction.

We are aware that the Supreme Court of New Jersey in a recent case, *Cook* v. *Scovel*, 68 N. J. L. 484, have held that the state courts have jurisdiction of an action of replevin brought against a trustee in bankruptcy who claims that the goods in controversy belonged to the bankrupt. No reference is made in the opinion to *White* v. *Schloerb* above mentioned, and the only case cited in support of the decision is *Claflin* v. *Houseman*, 93 U. S. 130, where an assignee in bankruptcy brought suit in a state court under the thirty-fifth section of the Bankrupt Act of 1867, to recover the amount collected by the defendant on a judgment against the bankrupts recovered within four months before the commencement of the proceedings in bankruptcy. It was there held that where neither by express enactment nor necessary implication exclusive jurisdiction is given to the Federal courts, the State courts having competent jurisdiction in other respects may be resorted to for the enforcement of rights acquired under the laws of the United States. The question of the transfer from one jurisdiction to another of property in custodia legis was neither involved nor discussed, and we cannot regard *Claflin* v. *Houseman* as opposed to the doctrine of *White* v. *Schloerb* or *Covell* v. *Heyman*, supra.

Our conclusion is, that the property replevied from the trustee was at the time in his possession as an officer and agent of the bankruptcy court, and therefore within its custody and exclusive jurisdiction; and that it could not be taken out of its jurisdiction by any process issuing from a State court.

In accordance with the stipulation of the parties the entry in both cases must be,

*Plaintiff nonsuit.     Judgment for return of the property.*