## In re BROCKTON IDEAL SHOE CO.

## In re C. A. AUFFMORDT & CO.

### (District Court, D. Massachusetts. November 18, 1912.)

### No. 17,836.

1. BANKRUPTCY (§ 211*)—ADMINISTRATION OF ESTATE—POSSESSION OF GOODS —REPLEVIN.

    Property in the possession of a bankrupt's trustee and alleged to belong to the estate is under the control of the bankruptcy court, and cannot be taken on a writ of replevin without the bankruptcy court's consent.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323; Dec. Dig. § 211.*]

2. BANKRUPTCY (§ 211*)—ADMINISTRATION OF ESTATE—CLAIM TO PROPERTY— REPLEVIN.

    Where personal property in the hands of a bankrupt's trustee is claimed by him and also by another, the bankruptcy court will not grant permission to the latter to institute replevin proceedings against the trustee to recover the property; a simple, speedy, and inexpensive procedure having been provided for the trial of such claims in bankruptcy.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323; Dec. Dig. § 211.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Brockton Ideal Shoe Company. Petition by C. A. Auffmordt & Co. for leave to replevy certain shoes claimed by petitioner and by the trustee. Denied.

Friedman & Atherton, of Boston, Mass., for petitioners.

Thomas F. Dolan, of Boston, Mass., pro se.

MORTON, District Judge. Part of the property now in the possession of the trustee in bankruptcy of the Brockton Ideal Shoe Company consists of certain shoes which the petitioner claims to own and which are also claimed by the trustee. The petitioner desires to try the title to these goods by a replevin action in the state courts, and makes this application for the permission of this court to take the goods from the possession of the trustee in such proceedings. No special reasons are shown, except that the petitioner desires to retake the property at once and also prefers to try the title to it before a jury, instead of before a referee in bankruptcy.

[1] The property, being in the possession of the trustee, is under the control of the bankruptcy court. That it cannot be taken on such replevin proceedings without the consent of this court is settled by White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183; see, too, Crosby v. Spear, 98 Me. 542, 57 Atl. 881, 99 Am. St. Rep. 424. The parties do not disagree about the law.

[2] The petitioner says that I ought, in the exercise of my discretion, to grant the permission requested. As a general rule, the law contemplates the settlement of bankrupts' estates in the bankruptcy court. A simple, speedy, and comparatively inexpensive procedure is provided, especially adapted to the determination of just such questions of own-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ership as are here involved. The custom is to try such questions in connection with the bankruptcy proceedings. To grant the petitioner's request would complicate the settlement of the estate, without any compensating advantage to the other creditors, and would establish a far-reaching and, I think, a bad precedent.

The petition is denied.