## In re INTERNATIONAL PIANO MFG. CO.

(District Court, D. Massachusetts. November 3, 1920.)

No. 28044.

1. **Bankruptcy ☞211—Title to property ordinarily tried by bankruptcy, instead of state, court.**

    Title to property in the possession of and claimed by bankruptcy trustees should ordinarily be determined by the bankruptcy court, and only in exceptional cases will the property be delivered to a state court for such determination.

2. **Bankruptcy ☞211—Vacation of referee's order permitting replevin invalidates previous replevin proceedings.**

    Where a bankruptcy referee's order permitting replevin proceedings against the trustees is vacated, the rights of the parties are unaffected by the actual replevin of the goods, since the replevin action falls with the order on which it was based.

In Bankruptcy. In the matter of the International Piano Manufacturing Company, bankrupt. Order of referee permitting replevin proceedings against trustees vacated, and goods directed to be returned to trustees.

Wood & Brayton and L. Elmer Wood, all of Fall River, Mass., for trustees in bankruptcy.

Frank A. Pease, of Fall River, Mass., for petitioner.

MORTON, District Judge. [1] Controversies over the ownership of property which comes into the actual possession of the bankruptcy court ought to be settled there as far as possible. It is only under very exceptional circumstances that property in the possession of and claimed by trustees in bankruptcy should be surrendered to the state courts, in order that the title to it may be tried there, instead of in the bankruptcy court. No such circumstances are shown in this case, and it seems to me that the usual practice should have been adhered to. See In re Brockton Ideal Shoe Co. (Dist. Ct. D. Mass., No. 17836, opinion dated November 18, 1912) 212 Fed. 764.

[2] Inasmuch as the proceedings to review the referee's order permitting the replevin were seasonably taken, the rights of the parties are not affected by the fact that the goods have actually been replevied under the order of the referee; the replevin action will fall with the order on which it was based.

Let an order be entered, vacating the order of the referee, and directing the return of the goods in question to the trustees.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes