## Carlton Furniture Company v. Jenkins and Kayser.

*Bankrupt law—Goods of stranger taken by receiver in bankruptcy without warrant of seizure—State and Federal jurisdictions—Replevin.*

1. A state court is without jurisdiction of an action of replevin against a receiver in bankruptcy of a third party to recover goods in specie by one from whose possession the receiver is alleged to have removed the goods, after the bankruptcy, forcibly and without a warrant of seizure or other specific authority from the bankruptcy court; in such case, relief must be sought by proper proceedings in the bankruptcy court.

2. A distinction exists between an action to recover the goods in specie and an action of trespass to recover damages for their unlawful seizure; the latter action may be maintained against a receiver or trustee in his individual character in the state court.

Rule to quash writ. C. P. No. 2, Phila. Co., Dec. T., 1923, No. 8943.

*Louis E. Levinthal,* for plaintiff.

*Bertram K. Wolfe* (of *Aarons, Weinstein & Goldman*), for defendants.

Lewis, J., Sept. 22, 1924.—The plaintiff, on Feb. 8, 1924, caused a writ of replevin to be issued against Harry L. Jenkins and Charles Kayser to recover certain goods of a value of $6000. Before the writ was served, a petition for

leave to intervene as a party defendant for the purpose of questioning the jurisdiction of the court and for stay of proceedings was filed by Harry L. Jenkins, trustee of the bankrupt estate of copartners, trading as Louben Furniture Company. The rule granted on this petition was made absolute by agreement on Feb. 15, 1924, and on the same day the intervening defendant took a rule on the plaintiff to quash the writ of replevin on the ground that it was issued to obtain property which was in the possession of Harry L. Jenkins as receiver in bankruptcy appointed by the United States District Court for the Eastern District of Pennsylvania, the petition also reciting that the said Jenkins had, on the day following the issuance of the writ, been duly appointed trustee in bankruptcy, and that the goods were the property of, and in possession of, the bankrupts at the time of the appointment of the receiver, and had come into the possession of the intervenor as receiver and continued to be held by him in his official capacity.

The plaintiffs, in answering the petition to quash, denied that the goods were either the property of or in the possession of the bankrupts at the time of the appointment of the receiver, and averred ownership by the plaintiffs and possession in a certain warehouse held by the plaintiffs as tenants under a written lease, from which warehouse, the answer asserted, the receiver had, prior to the issuance of the replevin writ, forcibly and unlawfully removed the goods without warrant of seizure issued by the bankruptcy court or other authority of law.

It will be noted that the writ was not issued against Jenkins as receiver, the two defendants as named in the writ being "Harry L. Jenkins and Charles Kayser." The plaintiffs have apparently waived this circumstance, and have stated the question involved to be: "Has a state court jurisdiction of a replevin action brought against a receiver in bankruptcy of a third party by a claimant from whose possession the receiver is alleged to have removed the goods, after the bankruptcy, forcibly and without specific authority?"

It is conceded that the receiver acted in his official capacity in taking possession of the goods claimed by the plaintiff; also, that the receiver had not applied for or obtained from the bankruptcy court a warrant of seizure or any other authority other than was consequent upon his appointment as receiver of the property of the bankrupt. The plaintiffs contend that the action of the receiver was unlawful, for the reason that the goods were not in the possession of the bankrupt at the time of the receiver's appointment, but were in the possession of the plaintiffs and were claimed by them. Since the receiver acted unlawfully, counsel for plaintiffs argue, the receiver is not entitled to the benefit of the rule of law which exempts from seizure goods which are *in custodia legis*. The receiver denies possession in the plaintiffs, but argues that this question is of no moment, in view of the admission in the answer that the seizure by Jenkins was in his official capacity as receiver, the property being, therefore, whether rightfully or wrongfully, actually in the custody of the court of bankruptcy which appointed the receiver, and which has sole jurisdiction to determine questions of title to property taken into its custody in the administration of the Bankruptcy Act.

There is no doubt that for a wrongful seizure of the goods of another, a receiver or trustee in bankruptcy can be sued in a state court, but the action then is to recover damages for a tort, whether the writ be one of trespass or trover. We have examined the Federal and state authorities with considerable care, and can find few cases supporting the theory that a state court has jurisdiction in an action of replevin brought against a trustee in bankruptcy to recover goods claimed by the trustee to belong to the bankrupt estate.

Perhaps the most cited of these is Cooke *v.* Scovel, 10 Am. Bank. Reps. 86, decided by the Supreme Court of New Jersey in 1902. That decision is of little value as a precedent, for the reason that in the court below counsel for the defendant trustee conceded jurisdiction in the state court. It is true that the New Jersey Supreme Court, in refusing to reverse the judgment against the trustee, expressly passed on the question of jurisdiction adversely to the defendant trustee, holding that the bankruptcy law of 1898 gave no indication that the jurisdiction of the Federal courts was intended to be exclusive as to controversies over which the state courts ordinarily were invested with jurisdiction.

Other decisions are found in the New York Reports, such as Dewey *v.* Finn, 18 N. Y. Wkly. Dig. 558; Brein *v.* Max Light et al., 72 N. Y. Supp. 1087; and in Massachusetts, Hills *v.* Parker, 111 Mass. 508.

There are many contrary decisions (Murphy *v.* John Hofman Co., 211 U. S. 562, 21 Am. Bank. Reps. 487; Wright *v.* Harris, 221 Fed. Repr. 736, 34 Am. Bank. Rsps. 574; White *v.* Schloerb, 178 U. S. 542, 4 Am. Bank. Reps. 178; Pietri *v.* Wells, 36 Am. Bank. Reps. 106; Meek *v.* Eggerman, 36 Am. Bank. Reps. 488; Crosby *v.* Spear, 98 Me. 542, 11 Am. Bank. Reps. 613), the general rule being that, after the jurisdiction of the bankruptcy court has once attached, an adverse claimant cannot take the property in specie out of the possession of that court or of any of its agents by any proceeding maintained in a state court, although it is with like generality held that such claimant may sue in a state court to recover damages from one who has wrongfully taken possession of his property. It is true that in all of such cases which have come to our notice, it appeared that the goods in controversy were in the possession of the bankrupt, or at least that no question was raised as to such possession. Plaintiff argues that these decisions are authority only for the proposition that the trustee is exempt from an action of replevin to recover goods that were in the possession of the bankrupt at the time of the bankruptcy, and should not be extended to deny the state court jurisdiction to entertain replevin against an officer of the court who is alleged to have wrongfully seized goods claimed by and in the possession of a third party.

This view does not prevail with us, however, since the true test is not whether the goods came into the custody of the court rightfully or wrongfully, but only whether the property has come into the custody and control of the court through its officer. If such officer has been guilty of a trespass in seizing a stranger's goods without right, he is personally liable in damages, and an action may be maintained therefor in a state court, as we have indicated. But the jurisdiction of the bankruptcy court having once attached to property, its right to dispose of questions of title thereto is exclusive. It would serve no good purpose to permit other tribunals to determine such disputes of title, for not only would this multiply litigation, but would seriously interfere with the orderly and economical administration of the bankruptcy law, and would in many cases prevent the speedy liquidation of bankrupt estates, which may be considered a fundamental purpose of the Bankruptcy Act.

Our conclusion as above is supported by the reasoning in the opinion of the Supreme Court of Pennsylvania in York *v.* Marshall, 257 Pa. 503, in which an action in replevin was instituted against a state veterinarian to recover certain cattle seized and put in quarantine. Such an action against a state officer is expressly prohibited by section 2 of the Act of April 3, 1779, 1 Sm. Laws, 470, so that the case is not controlling, but only analogous. The underlying policy of law is the same, however.

Carlton Furniture Company v. Jenkins and Kayser.

Plaintiff argues that since, if the trustee had not forcibly seized the goods from the plaintiff, he would have had to resort to a plenary proceeding to try the title and to obtain the goods, and plaintiff would thereby have had the benefit of a full trial at common law in either a Federal or a state tribunal (In re Chicago First National Bank v. Chicago Trust Co., 198 U. S. 280; In re Green, 207 Fed. Repr. 693; In re Bailey, 156 Fed. Repr. 691; In re Cohn, 98 Fed. Repr. 75; Bardes v. Hawarden First National Bank, 178 U. S. 524), the receiver should not be permitted to deprive the plaintiff of this right to a plenary adjudication of his claim by an act of wrongdoing. This contention has a strong appeal, and, upon first consideration, almost a prevailing weight. But the wrongful act of the receiver subjects him to personal liability which can be enforced in a state court, and the apparent hardship upon an innocent party in relegating him to a summary proceeding in a court of bankruptcy to reclaim the property in specie must be weighed against the importance of maintaining the exclusive right of a court once acquiring jurisdiction over property to retain possession of it and to adjudicate all questions of title affecting the same. The orderly administration of justice in settling the estates of bankrupts and insolvents makes necessary the preservation of this exclusive control in the court that has acquired jurisdiction over the *res.* Officers of the courts, such as receivers, trustees, etc., are under bond, and they are not likely to be so zealous as to incur the risk of personal liability in taking possession of property without strong reason so to do.

No depositions were taken or other evidence offered either for or against the pending motion, hence the details of the conflict between the plaintiff claimant and the receiver as to the bankrupts' original possession of the property are not before us. Nor are we advised as to the circumstances in which the receiver was able to take the goods from a warehouse alleged to have been held by plaintiff on lease. Presumably, both the bankrupt and the claimant must have had rights in and access to the warehouse, or else claimant would have been able to prevent the entry of the receiver and the removal of the property without a warrant of seizure. There is more than a suggestion here of facts from which it can be inferred that the bankrupt was indeed in actual or constructive possession.

Our attention has been called to the recent Federal case of Taubel-Scott-Kitzmiller Co., Inc., v. David I. Fox et al., Trustees, decided in the United States Supreme Court on April 7, 1924 (Oct. Term, 1923, No. 188), where Mr. Justice Brandeis delivered the opinion of the court, holding that where the bankrupt was not in either actual or constructive possession of the property when the petition was filed, the rights of the claimant to title could not be adjudicated summarily by the bankruptcy court against the objection of such claimant. We have examined the opinion with care and find nothing therein that controls the case before us. There, neither the bankrupt nor the trustee had possession of the goods in dispute, while here the receiver has possession and the issue is whether that possession by an officer of the court was rightfully or wrongfully acquired. If the determination of this issue can be taken from the court that appointed the officer merely on an averment that the court's possession was wrongfully acquired, it would be an easy matter to oust the jurisdiction of the bankruptcy court in all such controversies between claimants and trustees and to throw them into the state tribunals.

And now, Sept. 22, 1924, the writ of replevin is quashed.

NOTE.—Taubel-Scott-Kitzmiller Co., Inc., v. Fox has since been reported, 264 U. S. 426.