## WHITE *v.* SCHLOERB.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE
SEVENTH CIRCUIT.

No. 530. Submitted April 26, 1900. — Decided May 28, 1900.

After an adjudication in bankruptcy, an action of replevin in a state court cannot be commenced and maintained against the bankrupt to recover property in the possession of and claimed by the bankrupt at the time of that adjudication, and in the possession of a referee in bankruptcy at the time when the action of replevin is begun; and the District Court of the United States, sitting in bankruptcy, has jurisdiction by summary proceedings to compel the return of the property seized.

THIS was a petition in equity to the Circuit Court of Appeals for the Seventh Circuit, under the jurisdiction conferred upon that court by the second clause of section 24 of the Bankrupt Act of July 1, 1898, c. 541, to superintend and revise in matter of law the proceedings in bankruptcy of the District Courts of the United States in that circuit. 30 Stat. 553. The Circuit Court of Appeals certified to this court the following statement of the case and the questions of law:

"On September 13, 1899, August T. Schloerb and Eugene B. Schickedantz, who were respectively residents and inhabitants of the Eastern District of Wisconsin, and who were copartners in trade in the said district, filed their voluntary petition in bankruptcy in the District Court of the United States for that district. On the same day they were duly adjudged

bankrupt by that court, and the matter referred to a referee in bankruptcy for further proceedings according to law. They had at that date a stock of goods contained in a store, the entrance to which was locked by the direction of the referee.

"Thereafter, on September 21, 1899, James Cogan and Bernard Cogan, who were copartners, commenced an action of replevin against the bankrupt in the circuit court of the State of Wisconsin for the county of Winnebago, in which county the store of the bankrupts was located, to recover the possession of certain specified goods, then in the store of the bankrupts, and forming part of their stock of goods. On the same day, the proper undertaking and requisition to the sheriff of the county of Winnebago, according to the law of the State of Wisconsin, were delivered to the petitioner Charles M. White, who was then the sheriff of the county, who delivered it for execution to the petitioner Henry Eckstein, who was the under-sheriff of said sheriff. In pursuance of said 'requisition, the under-sheriff, on the same day, and before the selection and appointment of a trustee in the bankrupt proceedings, forcibly entered the store of the bankrupts, and took possession of certain goods, part of the goods specified in the writ of replevin.

"On September 23, 1899, the bankrupts presented their petition to the District Court of the United States for the Eastern District of Wisconsin, setting forth the facts above recited, and also alleging that the goods so taken under the writ of replevin were part of a bill of goods purchased by them of the plaintiffs in that writ, and were their lawful property. The petition alleges that the goods were in the possession of the petitioners, the sheriff and under-sheriff mentioned, and John C. Thompson, the attorney for the plaintiffs in the writ of replevin, and asked the court that they be compelled to redeliver the goods to the District Court sitting in bankruptcy, from whose possession they were taken, and that they be enjoined from any disposition thereof. Upon the filing of the petition the District Court issued its mandate requiring the petitioners here, the sheriff, the under-sheriff and the attorney mentioned, to show cause before that court, at a time and place mentioned, why the seizure of the goods under the writ of replevin should not be vacated and set aside,

and the goods returned to the bankrupts, or placed in the possession of the marshal of the court, or such other person as the court should direct, and why they should not be respectively enjoined from interference with the property so seized, and in the mean time restraining them from such interference. The petitioners specially appeared upon the return day mentioned in the mandate; and moved the District Court to set aside and vacate its mandate or order to show cause, for want of jurisdiction in the court of bankruptcy over the subject-matter; and also presented proof by affidavit to the effect that the assertion of title to the goods in question by the plaintiffs in the writ of replevin was founded upon the claim that the bankrupts had purchased the goods of them upon false and fraudulent representations upon which reliance had been placed, and that before the writ of replevin they had elected to rescind the sale and had demanded of the bankrupts the return of the goods. The court of bankruptcy at the hearing and on October 26, 1899, made the following order: 'It is hereby ordered that the said Charles M. White, Henry Eckstein and John C. Thompson be, and they are hereby, restrained from sale or other disposition of the property mentioned in said petition herein; and they are hereby directed to turn over and deliver the said property, so taken by them from the estate of the bankrupts, to the trustee appointed herein, within twenty days from the date of this order; and it is further ordered that the trustee, on delivery of the said property, keep the same separate and apart from other property, to abide the further order of the court; and that, in case sale of said property is hereafter ordered, the proceeds of said sale be kept separate and apart to abide such further order of the court.' The opinion of the court upon that hearing is reported *In re Schloerb*, 97 Fed. Rep. 326.

"The petitioners here, by their original petition filed in this court, have presented the matters of law raised by the order so made by the District Court sitting in bankruptcy.

"The questions of law upon which this court desires the advice and instruction of the Supreme Court are:

"First. Whether the District Court sitting in bankruptcy had jurisdiction by summary proceedings to compel the return of the property seized?

" Second. Whether, after adjudication in bankruptcy, an action in a state court can be commenced and maintained against the bankrupt to recover property in the possession of and claimed by the bankrupt at the time of the adjudication?

" Third. Whether the property of a bankrupt, upon his adjudication in bankruptcy, is *in custodia legis* of the bankruptcy court, and can be taken possession of under process of a state court?"

*Mr. Charles W. Felker* and *Mr. John C. Thompson* for White.

*Mr. Charles Barber* and *Mr. Carl D. Jackson* for Schloerb.

Mr. Justice Gray, after making the above statement, delivered the opinion of the court.

The material facts of this case may be briefly recapitulated. After the District Court of the United States had adjudged Schloerb and Schickedantz bankrupts on their own petition, and had referred the case to a referee in bankruptcy, and the referee had taken possession of the bankrupts' stock of goods in their store, and had caused the entrance of the store to be locked up, and before the appointment of the trustee in bankruptcy, a writ of replevin of some of those goods was sued out by other persons against the bankrupts from an inferior court of the State of Wisconsin, and was executed by the sheriff of the county, by his deputy, by forcibly entering the store and taking possession of these goods. The bankrupts thereupon presented to the District Court of the United States a petition, setting forth the above facts, and alleging that the goods replevied were their lawful property, and had been purchased by them of the plaintiffs in replevin, and were now in the possession of the sheriff and his deputy and the attorney of those plaintiffs; and praying that they might be compelled to redeliver the goods to the District Court sitting in bankruptcy, and be restrained from making any disposition thereof. Upon the filing of this petition, the court ordered notice thereof

to said sheriff, deputy and attorney. In answer thereto, they contended that the court had no jurisdiction over the subject-matter; and offered evidence that the grounds of their action of replevin were that the bankrupts had purchased and obtained the goods from them by false and fraudulent representations on which they relied, and that, before suing out the writ of replevin, they had elected to rescind the sale, and had demanded of the bankrupts a return of the goods. The District Court, upon a hearing, made an order restraining the respondents from selling or otherwise disposing of the goods replevied, and directing them to deliver the goods to the trustee in bankruptcy, and directing the trustee, on such delivery, to keep them apart from other property, to abide the further order of the court.

The questions certified concern, not the trial of the title to these goods, but only the judicial custody and lawful possession of them.

Under sections 33–43 of the Bankrupt Act of 1898 and the Twelfth General Order in Bankruptcy, referees in bankruptcy are appointed by the courts of bankruptcy, and take the same oath of office as judges of United States courts, each case in bankruptcy is referred by the court of bankruptcy to a referee, and he exercises much of the judicial authority of that court. 30 Stat. 555–557; 172 U. S. 657.

At the date of this adjudication in bankruptcy by the District Court of the United States, the goods were in the store of the bankrupts, and in their actual possession, and were claimed by them as their property. On the same date, that court referred the case to a referee in bankruptcy, and by his direction the entrance to the store was locked. The goods were then in the lawful possession of and custody of the referee in bankruptcy, and of the bankruptcy court, whose representative and substitute he was. Being thus in the custody of a court of the United States, they could not be taken out of that custody upon any process from a state court.

So far as regards this point, the decision of this court in *Freeman* v. *Howe*, 24 How. 450, more than covers the case. It was there adjudged that property taken and held by a marshal

on a writ of attachment from a court of the United States, directing him to attach the property of one person, could not be taken from his possession on a writ of replevin from a state court in behalf of another person who claimed the attached property as his own. See also *Peck* v. *Jenness*, 7 How. 612, 625; *Buck* v. *Colbath*, 3 Wall. 334, 341; *Covell* v. *Heyman*, 111 U. S. 176, 182.

The second question certified relates to this point, although it is not so clearly expressed as it might be, and omits to mention in whose possession the property was when the writ of replevin was sued out. To that question, as explained and restricted by the facts set forth in the statement which accompanies it, our answer is : " After an adjudication in bankruptcy, an action of replevin in a state court cannot be commenced and maintained against the bankrupt to recover property in the possession of and claimed by the bankrupt at the time of that adjudication, and in the possession of a referee in bankruptcy at the time when the action of replevin is begun."

The first question remains : " Whether the District Court sitting in bankruptcy had jurisdiction by summary proceedings to compel the return of the property seized ? "

By section 720 of the Revised Statutes, " The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." Among the powers specifically conferred upon the court of bankruptcy by section 2 of the Bankrupt Act of 1898 are to " (15) make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this act." 30 Stat. 546. And by clause 3 of the Twelfth General Order in Bankruptcy applications to the court of bankruptcy " for an injunction to stay proceedings of a court or officer of the United States, or of a State, shall be heard and decided by the judge ; but he may refer such an application, or any specified issue arising thereon, to the referee to ascertain and report the facts." 172 U. S. 657.

Not going beyond what the decision of the case before us

requires, we are of opinion that the judge of the court of bank-
ruptcy was authorized to compel persons, who had forcibly and
unlawfully seized and taken out of the judicial custody of that
court property which had lawfully come into its possession as
part of the bankrupt's property, to restore that property to
its custody ; and therefore our answer to the first question must
be : " The District Court sitting in bankruptcy had jurisdiction
by summary proceedings to compel the return of the property
seized."

These answers to the first and second questions render any
further answer to the third question unnecessary.

*Ordered accordingly.*