In re PORTER et al.

(District Court, D. Kentucky. March 16, 1901.)

BANKRUPTCY—FORECLOSURE SUITS IN STATE COURT—INJUNCTION.

A court of bankruptcy, while having jurisdiction of an application for an injunction against proceedings in a state court where the assets of a bankrupt are concerned, will not, in the exercise of its discretion, enjoin the prosecution of a foreclosure suit brought in a state court against the bankrupt upon a claim of the trustee that the amounts claimed in such suit by the mortgagees, which appear to be greater than the value of the mortgaged property, are subject to credits and set-offs, and order a reference to determine such question, but will direct the trustee to apply for leave to intervene in the foreclosure suit, where it can more appropriately be put in issue and determined.

In Bankruptcy. On petition of trustee for injunction.

Wright & McElroy and Grubbs & Grubbs, for Warren Deposit Bank.

W. B. Gains and Attilla Cox, Jr., for trustee.

EVANS, District Judge. The trustee herein has filed a petition in these proceedings praying the court, upon the averments therein made, to enjoin certain creditors of the bankrupt, who, after the adjudication, brought a suit in the Warren circuit court to foreclose and enforce a certain mortgage lien upon the bankrupt's property, from proceeding further in the action in the state court. Upon the showing of the respondents, it would seem that the mortgaged property was probably insufficient to pay the mortgage debts, but the trustee insists otherwise, and has moved the court not only for an injunction pendente lite, but also for a reference of these proceedings for the purpose of ascertaining the real amount of the debts of the mortgage creditor, after deducting therefrom certain offsets and counterclaims, and certain credits, which the trustee claims should be allowed. The creditors have also demurred to the petition.

Amidst the shadows cast by recent decisions upon the bankruptcy practice, at least where assets and creditors are concerned, the bankruptcy court can rarely see clearly what is the exact course to be pursued in bankruptcy proceedings until higher courts have expressly marked it out; but it seems to me that the one which gives to the state courts the amplest, and to the bankruptcy courts the narrowest, control over such proceedings, will be the one which the case of Bardes v. Bank, 2 Nat. Bankr. N. 725, 178 U. S. 538, 20 Sup. Ct. 1000, 44 L. Ed. 1175, and the course of judicature which must be founded upon it, will sanction. Without that, however, this court would be inclined in this case to say that the whole matter of the mortgage debt, and all the controversies growing directly out of it, could be comprehensively and more conveniently treated in the proceedings in the state court, where all matters between the conflicting interests of the various mortgage creditors and the trustee will doubtless be fairly and intelligently adjusted and adjudicated. The trustee, who stands for all the general creditors, and who, in a certain sense, represents all creditors of the bankrupt, can wisely and usefully intervene in the action in the state court, and there litigate most, if not all, the questions involved between him and the mortgage creditors respecting the assets claimed by them and by the general creditors, as represented by the trustee. At all events, the trustee should, and he will, be directed to make application to be made a party to the action in the state court; but, should he be refused that right (as we cannot anticipate will be the case), he can again apply to this court for the relief sought in the pending petition, and the matter can then be considered in its new aspects. But for the present the court, in the exercise of the discretion which it always has in regard to injunctions pendente lite, will not grant an injunction of any character, but will leave matters as they are.

1. It seems to the court, speaking generally, that it has jurisdiction in bankruptcy cases of an application for an injunction against proceedings in a state court where the assets of the bankrupt are concerned, and that it would have the right to enjoin, in its discretion, on the facts stated in the petition here. For these reasons, the demurrer to the petition of the trustee is overruled.

2. But it seems to the court that it should not undertake in these proceedings to decide the question as to the injunction upon a reference for the ascertainment of facts, which, if of any value, would go to the merits of the claims of the respective parties. For the purpose of the pending motions, it seems best to assume that the claims made by the plaintiffs in the state court proceedings are valid; and, as those claims seem to exceed the value of the mortgaged property, the court does not deem it wise or discreet to grant the temporary injunction asked for, and thus take the case from the state court, which is perfectly competent to settle it. This conclusion is emphasized by the fact that the trustee can and should appear in that suit, and, if there should be an excess after the payment of the debts of the mortgagees, it can be delivered, and doubtless will be delivered, by the state court to the trustee for administration in these proceedings. The state court can, and of course will, ascertain the exact amount of the mortgage debts, and give such relief upon claims for credits, offsets, and counterclaims as may be just. Upon these considerations, the motion for a temporary injunction is overruled.

3. What has already been said will indicate the reasons upon which the court is clearly of opinion that it would be an incongruous and unwise practice to refer the case for the purpose of making an attempt to ascertain what are the merits of the controversy between the mortgage creditors and those who insist that the mortgage debts should be reduced by some sort of defense. The motion for a reference is therefore overruled. Counsel can prepare orders accordingly.