Belknap,
Jan. 9, 1902.

### WEEKS v. FOWLER, *Trustee.*

An action of replevin cannot be maintained in a state court for property in the possession of a trustee in bankruptcy by virtue of federal process.

REPLEVIN, against the defendant as trustee in bankruptcy of J. P. C. & Son, for store fixtures. Trial at the May term, 1901, of the superior court before *Young,* J. The court found a verdict for the plaintiff, and the defendant excepted.

*Edwin H. Shannon,* for the plaintiff.

*George B. Cox* and *Napoleon J. Dyer,* for the defendant.

BLODGETT, C. J. A fatal objection lies at the very threshold of the plaintiff's case. The defendant's possession of the replevied property under and by virtue of federal process in the bankruptcy proceedings is an impregnable defence to an action of replevin for the same property in the state court. *White* v. *Schloerb,* 178 U. S. 542, 547, and cases cited. True, this defence has not been inter-

posed by the defendant; but, nevertheless, we cannot disregard it, for it is a fundamental principle — a departure from which obviously would lead to the utmost confusion and to endless strife — " that whenever property has been seized by an officer of the court by virtue of its process, the property is to be considered as in the custody of the court and under its control for the time being, and that no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, or some superior jurisdiction in the premises." *Buck* v. *Colbath*, 3 Wall. 334, 341, per *Miller*, J.; *Covell* v. *Heyman*, 111 U. S. 176, 180, and authorities generally.

The result is that the question in issue between the parties cannot be adjudicated in the present proceeding.

*Exception sustained : verdict set aside.*

All concurred.