TREAT et al. v. WOODEN et al.

(Circuit Court, D. Massachusetts.   June 13, 1905.)

No. 1,792.

BANKRUPTCY—SUIT AGAINST TRUSTEE—JURISDICTION.

A Circuit Court is without jurisdiction of a suit in equity against trustees in bankruptcy to require them to pay over the proceeds of property claimed by complainant, but which was sold by defendants under an order of the bankruptcy court as assets of a bankrupt estate, having no power to interfere with the possession of such court of the property or its proceeds, and the remedy against the trustees, if any, being at law.

In Equity.   On demurrer to bill.

Charles G. Gardner, for complainants.

Charles H. Beckwith and William H. Brooks, for defendants.

LOWELL, Circuit Judge.   This was a bill in equity, brought against trustees in bankruptcy.   It alleged a conversion by them of goods belonging to the complainant; that these goods were subsequently sold, pursuant to a decree of the court of bankruptcy, and that the defendants intend to disburse the proceeds in the settlement of the bankrupt estate.   The bill further alleged that the defendants were not of sufficient financial responsibility to satisfy any judgment which the complainant might obtain in an action of law; "and that, if the proceeds of said goods and property in the hands of said defendants, and to come into the hands of said defendants as aforesaid, are not applied to the satisfaction of your orators' said claim, they will be entirely without remedy against said defendants."   The bill prayed for a discovery not under oath; that the defendants be directed to pay to the complainant the proceeds of the sale; that the defendants be enjoined from disposing of the property or proceeds thereof; that this court determine damages.   Defendants demurred.

The court must first decide if it has jurisdiction in the case presented.   In White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183, the Supreme Court decided that a state court has no jurisdiction to replevy property in the possession of a trustee in bankruptcy.   The jurisdiction of the Circuit Court has like limitations.   In Re Spitzer (C. C. A.) 130 Fed. 879, the Circuit Court of Appeals for the Second Circuit decided that a trustee in bankruptcy can be sued in trover in a state court, because an action of trover

does not disturb the possession of the court of bankruptcy. How far the Court of Appeals would permit the action of trover to proceed, and upon what property it would permit a levy of execution, does not appear. To levy execution upon the individual estate of a trustee in bankruptcy in order to satisfy a judgment for damages arising from his compliance with an order for the sale of specific property made by a court of competent jurisdiction seems to bear hardly upon the trustee. Even the Court of Appeals, however, expressly refused to disturb the control of the court of bankruptcy over the bankrupt estate. In the case at bar the bill cannot be sustained as a bill for discovery. The control of a court of bankruptcy over the property in the possession of the trustees, whether the original goods or their proceeds, cannot be disturbed, and so no injunction can issue restraining the defendants from dealing with the property or its proceeds as the court of bankruptcy shall direct. If there be any remedy prayed for in the bill other than that which is excluded by the bankrupt act from the jurisdiction of this court, it is a remedy obtainable in an action at law. It follows, therefore, that the equitable relief sought in the bill is beyond the jurisdiction of the court, and any relief within the jurisdiction of the court is not obtainable in equity, because obtainable at law.

Demurrer sustained. Bill to be dismissed, with costs.