## HATCH v. CURTIN.

(Circuit Court, D. Massachusetts. April 23, 1906.)

### No. 305.

1. COURTS—JURISDICTION OF CIRCUIT COURT—REVIEW OF PROCEEDINGS OF DISTRICT COURT IN BANKRUPTCY.

A Circuit Court of the United States is without jurisdiction of a suit which seeks to review a judgment of a District Court in bankruptcy, to recover money in the hands of a trustee in bankruptcy and to enjoin him from paying the same out in dividends in obedience to the order of the District Court even though it is alleged that such judgment was rendered coram non judice.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—SUIT AGAINST TRUSTEE.

The jurisdiction of a Circuit Court of a suit by an adverse claimant of property against a trustee in bankruptcy is expressly excluded by Bankr. Act July 1, 1898, c. 541, § 23a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431], where it would not have had jurisdiction if the suit had been against the bankrupt.

In Equity.

Harold Williams, for complainant.
Robert K. Dickerman, for defendant.

LOWELL, Circuit Judge. This is a bill in equity brought by the trustee under the will of Luther P. Tucker against the trustee in bankruptcy of Frederick M. and Tracy H. Tucker, a partnership under the name of F. M. Tucker & Co.

The bill sets out a provision in the will of Luther P. Tucker, which directs the bankrupts, as his executors, to hold in trust a part of his estate, paying the income thereof to Marion E. Tucker, granddaughter of Luther, with other provisions to take effect at her death. It alleges that the bankrupts acted as Luther's executors, but were never appointed trustees under his will; that they set aside, held, and dealt with certain specific property which was in their hands as executors, and assumed to hold the same as trustees for Marion; that they wrongfully appropriated a part of the trust property by lending certain specific stocks and bonds to Frederick; that, to secure this loan, Frederick assigned his seat in the stock exchange to both the bankrupts as trustees for Marion; that Tracy, as trustee, demanded from Frederick a return of the securities lent as aforesaid; that Frederick said he was unable to return them or pay therefor; that the bankrupts thereupon took the stock exchange seat in payment of the loan, whereby the stock exchange seat became the property of the bankrupts as trustees for Marion; that thereafter Frederick and Tracy were adjudicated bankrupts, and the defendant was appointed their trustee in bankruptcy; that the defendant filed a petition before the referee for leave to sell the stock exchange seat; that the bankrupts objected to the sale; that the referee ordered the seat to be sold, although, as the bill alleges, the stock exchange seat was not in the possession of the trustee, but in the possession of the bankrupts holding as trustee for

Marion; that the District Court affirmed the judgment of the referee, and the seat was sold; that the bankrupts, assuming to act as trustees for Marion, but without authority to act on her behalf, thereafter filed a petition before the referee, asking for an accounting to determine the rights of Marion in the stock exchange seat; that, upon this petition, the referee decided that neither Marion, nor Frederick and Tracy as trustees, had any right in the seat, which judgment was affirmed by the District Court; that Marion was not represented at any of the proceedings aforesaid; that thereafter the Supreme Court of Massachusetts appointed the complainant trustee for Marion under the will of Luther; that the complainant, as such trustee, filed a petition in the District Court for leave to intervene in order to contest the jurisdiction of the District Court as to the petition for an accounting; that his petition to intervene was denied; that the referee ordered a dividend upon the bankrupt estate; that the complainant believes that there are not funds in the defendant's hands outside the proceeds of the stock exchange seat sufficient to pay the dividend; that the defendant now holds the proceeds of the stock exchange seat intending to use them for the payment of the dividend; wherefore the bill prays that the defendant may account to the complainant for the proceeds of the seat, and that he may be enjoined from paying out any of the proceeds in dividends, or from seeking any order declaring a dividend payable out of the said proceeds. The defendant has moved to dismiss the bill for want of jurisdiction.

In effect, the bill seeks to review a judgment of the District Court, alleging that it was rendered coram non judice. The review sought is to be effectuated by taking property from an officer of that court, a trustee in bankruptcy, and by enjoining him from obeying the order of that court issued in due form.

If the District Court exceeds its jurisdiction in bankruptcy, its action may be controlled by the Supreme Court on appeal, or by the Circuit Court of Appeals through its authority "to revise in matter of law the proceedings of the several inferior courts of bankruptcy within their [its] jurisdiction." The Circuit Court is without jurisdiction to review the proceedings of other federal courts like those of bankruptcy and admiralty, even if these proceedings are alleged to be coram non judice. No such jurisdiction is given to this court by statute, and jurisdiction is expressly excluded in a case like this by clause "a" of section 23 of the bankrupt act, which reads as follows:

"The United States circuit courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants." Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431].

For the history of this section, see In re Hammond (D. C.) 98 Fed. 845, 848. The complainant could not have sued the bankrupt in this court to recover the stock exchange seat or its proceeds. Furthermore, even a state court, which has general jurisdiction of suits to recover property, cannot take property from the possession of a

court of bankruptcy. White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183; In re Spitzer, 130 Fed. 879, 66 C. C. A. 35; Treat v. Wooden (C. C.) 138 Fed. 934.

As this court is without jurisdiction, the bill will be dismissed, without costs.