### In re PATTERSON LUMBER CO.

(District Court, E. D. Pennsylvania. January 15, 1916.)

#### No. 5688.

BANKRUPTCY ⬦⟶217—RESTRAINING PROCEEDINGS IN STATE COURTS—ANCILLARY PROCEEDINGS.

A corporation, adjudicated a bankrupt in the Southern district of New York, owned land in Tennessee covered by a mortgage. The trustee under the mortgage was within the Eastern district of Pennsylvania, and an ancillary proceeding was instituted there to restrain the trustee from foreclosing. The bondholders claimed the mortgaged premises were not

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

worth more than the amount of the mortgage, while the trustee claimed it had a much greater value, which would be lost if the property was sold under foreclosure. *Held*, that this question could be best passed upon by the court having control of the bankrupt estate, or the court within whose jurisdiction the property was situated, and the trustee would therefore be restrained from foreclosing until it applied for and obtained leave from the court having jurisdiction of the mortgaged premises to proceed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. ☞217.]

In Bankruptcy. Ancillary proceedings in the matter of the Patterson Lumber Company, bankrupt. On petition for an order on the Belmont Trust Company, mortgagee trustee. Order granted.

Rearick & Illoway, of Philadelphia, Pa., for petitioner.

Joseph W. Kenworthy, of Philadelphia, Pa., for Belmont Trust Co.

DICKINSON, District Judge. Bankruptcy proceedings in this estate are pending in the District Court for the Southern District of New York. It is a fact admitted at the argument, although not appearing in the record, that ancillary proceedings have been instituted in the District Court of the District of Tennessee, in which lands belonging to the bankrupt are situate. Neither of these courts has jurisdiction of the person of the Belmont Trust Company. This company holds as trustee for bondholders a mortgage against these lands in Tennessee to secure the payment of an issue of bonds. The title to these lands vested in the trustee in bankruptcy, subject to the lien of this mortgage. Foreclosure proceedings are about to be instituted on the mortgage. The trustee in bankruptcy wishes to have such proceedings stopped until the court having in its keeping the bankrupt estate has determined what shall be done with respect to its sale or other disposition. Application has been made to this court for a restraining order on the mortgagee who is within this jurisdiction.

The power to interfere is conferred by the act of June 25, 1910, in the amended clause 20 of section 2 of the Bankruptcy Act (Act June 25, 1910, c. 412, 36 Stat. 838 [Comp. St. 1913, § 9586]); as similar power, under section 21a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 551 [Comp. St. 1913, § 9605]) has been held to exist, and, indeed, general ancillary powers to be exercised in aid of proceedings before another court (In re Madson Steele Co., 216 U. S. 115, 30 Sup. Ct. 377, 54 L. Ed. 407, 23 Am. Bankr. Rep. 615). All the parties in interest have voluntarily appeared, and have joined in the prayer that this court exercise this power. The only questions, therefore, are the propriety of its exercise, and, if exercised, what the order should be. The merits of the practical situation here could be best and most conveniently met by the usual application to the court having control of the assets of the estate for leave to proceed on the mortgage. The Belmont Trust Company has no selfish interest to be served beyond what is involved in performing its full duty as trustee under the mortgage. The bondholders claim the mortgaged premises not to be worth the amount or more than the amount of the mortgage. If this is accepted as a fact, their right

to act promptly for the protection of their interests is conceded. The trustee, on the other hand, thinks the property may have a much greater value, which would be lost if the property is sold under foreclosure.

It is clear that the tribunal best situated to pass upon the question involved is the court having control of the assets of the bankrupt estate or the court within whose jurisdiction the property is situate. There is this very practical embarrassment which might arise out of another court passing upon the question. There might be a difference of judgment. If a court having jurisdiction of the subject-matter had passed upon the real question raised, the course of action of this court in aiding in the enforcement of that judgment would be plainly indicated. We do not know, however, what view such court may take. We are, in consequence, led to make this disposition of the present application:

Let an order issue restraining the mortgagee from proceeding to foreclose his mortgage and sell the property until it has first applied for and obtained leave from the court having jurisdiction of the mortgaged premises to proceed upon its mortgage, the order now made to be thereupon vacated.