## THE KRONPRINZESSIN CECILIE.

(District Court, D. Massachusetts.    February 1, 1916.)

No. 1070.

In Admiralty.    Libel by Charles W. Rantoul, Jr., against the steamship Kronprinzessin Cecilie, claimed by the North German Lloyd.    Libel dismissed.

Kirlin, Woolsey & Hickox, of New York City, and Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for libelant.

Choate, Larocque & Mitchell, of New York City, Choate, Hall & Stewart, of Boston, Mass., Joseph Larocque and Walter C. Noyes, both of New York City, and Joseph D. Bedle, of Jersey City, N. J., for claimant.

(District Court, D. Massachusetts.    February 1, 1916.)

No. 1075.

In Admiralty.    Libel by Maurice Hanssens against the steamship Kronprinzessin Cecilie, claimed by the North German Lloyd.    Libel dismissed.

Kirlin, Woolsey & Hickox, of New York City, and Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for libelant.

Choate, Larocque & Mitchell, of New York City, Choate, Hall & Stewart, of Boston, Mass., Joseph Larocque and Walter C. Noyes, both of New York City, and Joseph D. Bedle, of Jersey City, N. J., for claimant.

HALE, District Judge.    This libel seeks to recover $200,000 for alleged breach of contract of the steamship company in failing to carry the libelant to Plymouth, England.    The allegations are essentially the same as those in the Case of Rantoul (No. 1070) supra, except that this libelant sets up the following method of computing his damages:

"That if the steamship had continued on to Plymouth the libelant would have been enabled to reach his home in Brussels, Belgium, on August 4th, and that by reason of the breach of contract by the steamer he was prevented from going to Brussels before it was seized and occupied by the German military forces, in consequence whereof he has been deprived of his property and has sustained other damage."

The libelant has, however, subsequently filed certain amendments, alleging that, by reason of the breach of contract, he has sustained damages consisting of loss of his property, loss of passage money paid for himself and his wife, loss of time, inconvenience, and expense of maintenance.    The answer is essentially similar to that in the Rantoul Case, with the addition that it sets up the fact that the libelant is a subject of the king of Belgium; that the claimant is a German corporation; that Belgium and Germany are at war; and that, therefore, this court, being a court of a neutral country, should decline to take jurisdiction.    Without considering the last defense, it is suffi-

cient to say that what the court has said in the Case of the Guaranty Trust Company, 228 Fed. 946, is applicable to this case.

The libel is dismissed, with costs.