### DUNCAN v. FOX et al.

#### In re BASS.

(District Court, S. D. Florida. June 12, 1924.)

1. **Constitutional law ⬌56—Question of jurisdiction is legislative one.**
  Question of jurisdiction of court is a legislative one.

2. **Bankruptcy ⬌296—Trustee's suit to cancel foreclosure sale deed and deeds to purchaser's successors in interest held not within jurisdiction of federal court.**
  Where action to foreclose mortgage, executed by bankrupt before adjudication, was begun in state court, after adjudication, the bankruptcy court had no jurisdiction of trustee's suit to cancel foreclosure sale deed and deeds to purchaser's successors in interest, on the ground that mortgage debt had been paid under Bankruptcy Act 1898, § 2, cl. 7, and section 23, pars. a, b (Comp. St. §§ 9586, 9607), since the state court only had jurisdiction of the foreclosure suit, and the trustee had ample opportunity to present in that court the defenses and objections to foreclosure sought to be litigated in the action to cancel such deeds.

In Equity. Suit by J. M. Duncan, as trustee in bankruptcy of the estate of Oscar Bass, bankrupt, against Laura Fox and others. On defendants' motion to dismiss. Bill of complaint dismissed.

⬌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Macfarlane & Pettingill, of Tampa, Fla., for plaintiff.
Johnston & Garrett, of Kissimmee, Fla., for defendants.

JONES, District Judge. The bill of complaint in this case alleges that one Oscar Bass on July 27, 1916, executed and delivered his promissory note, payable two years after date, in the sum of $4,500, to Guilda A. Happersett, and secured the payment thereof by a mortgage on certain real estate owned by him in Osceola county, Fla.; that this note and mortgage, as a result of several assignments (most of them made after the note and mortgage were past due), were held by one Laura Fox, when on March 29, 1922, Oscar Bass, the maker of the note and mortgage, filed a voluntary petition in bankruptcy in this court; that Bass was on the same day adjudicated a bankrupt, and thereafter J. M. Duncan, of the county of Osceola and state of Florida, was appointed trustee of the bankrupt estate of the said Oscar Bass; that on July 27, 1922, the said Laura Fox filed her bill in the circuit court of Osceola county, Fla., against Bass and J. M. Duncan, as trustee, as above stated, praying foreclosure of the mortgage and sale of the property therein described in satisfaction thereof; that the trustee entered his appearance in said cause, but made no defense therein; that this suit in the state court was prosecuted to a final decree in favor of complainant, under which decree the property was sold and conveyed by the master therein to Laura Fox, the purchaser at such sale; that Laura Fox went into the actual possession of the property under the deed from the state court, and subsequently conveyed the property to John P. King and Lula M. King, his wife.

The bill of complaint further alleges that the mortgage and note in question were in December, 1920, owned and held by one P. Phillips, who accepted from Oscar Bass the amount due thereon as payment and discharge of said mortgage and note, and delivered same up to said Oscar Bass; that the money with which payment was made to Phillips was obtained by Bass from the sale of cattle owned by the St. Johns Cattle Company, a corporation of which Bass was president, and that, notwithstanding the payment and discharge of the mortgage and note as alleged, Bass persuaded Phillips to execute and deliver an assignment of the note and mortgage to the St. Johns Cattle Company, which company assigned same to George W. Fox as collateral security for an indebtedness due Fox from Oscar Bass; that subsequently George W. Fox assigned the note and mortgage so assigned to him, without complying with the Florida statute relative to the sale of collateral security; that through this assignment from George W. Fox the said Laura Fox, through mesne assignment, held said note and mortgage, and that she and the prior holders of said note and mortgage each took with notice of the alleged defects above recited. It is not alleged, however, that John P. King and Lula M. King, his wife, the grantees in the deed from Laura Fox, purchaser at the foreclosure sale, took with such notice.

The bill of complaint is brought by J. M. Duncan, in his capacity as trustee in bankruptcy of the estate of Oscar Bass, against Laura Fox and her grantees, John P. King and Lula M. King, his wife. It prays,

upon the facts set forth above, that the payment made by Bass to P. Phillips be decreed to constitute payment and discharge of the mortgage, so far as it was a lien upon or affected in any way the property described therein, and that the original mortgage, the assignment thereof to Laura Fox, the deed from the master in the foreclosure suit to Laura Fox, and the deed from Laura Fox to John P. King and Lula M. King, his wife, be all ordered canceled of record, and that Laura Fox, John P. King, and Lula M. King be forever enjoined from claiming ownership of or interest in said mortgage and the premises in said instruments described.

The defendants have filed a motion to dismiss, and the cause comes on to be heard upon this motion. The question submitted by the motion to dismiss is a question as to the jurisdiction, respectively, of the state courts and the United States District Courts in matters connected with bankrupt estates. It is contended by the complainant that the state court had no jurisdiction in the matter of the foreclosure of this mortgage, because the action was begun after adjudication, and further that the trustee could not be made a party defendant in such suit without first obtaining the consent of the bankruptcy court.

[1, 2] The question of jurisdiction of courts is a legislative one, and we must look to the Bankruptcy Act to ascertain just what jurisdiction, in matters pertaining to bankruptcy, the Congress has given to the different courts. Section 2, c. 7, Bankruptcy Act 1898, c. 541 (30 Stat. 544, 545, U. S. Comp. Stat. § 9586), confers upon the court of bankruptcy jurisdiction to "cause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as herein otherwise provided." The exception referred to, and the jurisdiction given the United States courts and the state courts are found in section 23 of the Bankruptcy Act, which provides:

"That the United States Circuit Courts [abolished by Judicial Code effective January 1, 1912, and jurisdiction transferred to United States District Courts] shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants." Section 23a, Bankruptcy Act 1898 (U. S. Comp. Stat. § 9607).

Paragraph "b" of said section 23 (with exceptions which are not applicable to this case) provides that the trustee shall only bring or prosecute suits in courts "where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant." It seems to me that the instant case is controlled by the restrictions placed upon the courts of the United States by section 23 of the Bankruptcy Act, and that the state court not only had jurisdiction of the foreclosure suit, but was the only court in which the holder of the mortgage could enforce her lien, all the parties being citizens of the state of Florida. Kelley v. Gill, 245 U. S. 116, 38 Sup. Ct. 38, 62 L. Ed. 185; Duncan et al. v. Girand (C. C. A.) 276 Fed. 554;

In re Southern Pharmaceutical Company (D. C.) 286 Fed. 148; In re Gerdes (D. C.) 102 Fed. 318; In re San Gabriel Sanatorium, 111 Fed. 892, 50 C. C. A. 56; In re Porter (D. C.) 109 Fed. 111; In re Detroit Waterproof Fabric Co. (D. C.) 295 Fed. 338.

The complainant argues that after adjudication the possession of all property of the bankrupt, both real and personal, is in the trustee, either actual or constructive, which possession is custodia legis, and the bankruptcy court has exclusive jurisdiction to determine "the validity of the lien of the mortgage by virtue of its possession of the property on which the lien is claimed." In support of this contention counsel for complainant cites White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183, Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157, and other cases of a similar nature.

To my mind these cases are not in point. In White v. Schloerb, supra, it was held that a state court had no jurisdiction to take certain chattels from the actual possession of a referee in bankruptcy by means of a writ of replevin issuing out of said state court. In Whitney v. Wenman it was held that the United States District Court had jurisdiction to entertain a bill in equity to recover goods and chattels taken by a state court from the actual possession of receivers appointed by the bankruptcy court. The other cases depended upon are of a similar nature, and all of them are distinguishable from the case under consideration and those decisions upholding the jurisdiction of state courts in such controversies. The opinion in White v. Schloerb, supra, denying the right of a state court to take chattels from the possession of a referee in bankruptcy by an action in replevin, was delivered by Mr. Justice Gray, who on the same day delivered the opinion in Bardes v. Hawarden Bank et al., 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, holding that the United States court was without jurisdiction to entertain a suit by a trustee in bankruptcy to set aside a conveyance of goods alleged to have been made by the bankrupt in fraud of creditors.

Under these circumstances, there can be no conflict between these two cases, the opinion in each having been rendered on the same day by the same learned Justice of the Supreme Court of the United States. Under which one of these decisions, then, does the case under consideration fall? There can be no doubt that it comes within the rule laid down in Bardes v. Hawarden Bank, in which case, as in the case under discussion, the property in dispute had been conveyed by the bankrupt prior to adjudication, and was not in his actual possession at the time of adjudication; while in White v. Schloerb, supra, the goods in dispute were in the actual possession of the referee in bankruptcy. That the question of actual possession of the property in one instance and the lack thereof in the other distinguishes these two cases, one holding the United States District Court without jurisdiction and the other upholding its jurisdiction, is made clear from the decision in White v. Schloerb, in which it is said:

"At the date of this adjudication in bankruptcy by the District Court of the United States, the goods were in the store of the bankrupts, and in their actual possession, and were claimed by them as their property. On the same date that court referred the case to a referee in bankruptcy, and by his direction the entrance to the store was locked. The goods were then in the

lawful possession and custody of the referee in bankruptcy, and of the bankruptcy court, whose representative and substitute he was. Being thus in the custody of a court of the United States, they could not be taken out of that custody upon any process from a state court."

In this same case, showing the question of actual possession to be the distinguishing feature, the court, before answering the second question of law submitted, calls attention to the fact that this second question "omits to mention in whose possession the property was when the writ of replevin was sued out," and proceeds:

"To that question, as explained and restricted by the facts set forth in the statement which accompanies it (which statement shows actual possession in the referee), our answer is: 'After an adjudication in bankruptcy, an action of replevin in a state court cannot be commenced and maintained against the bankrupt to recover property in the possession of and claimed by the bankrupt at the time of that adjudication, and in possession of a referee in bankruptcy at the time when the action of replevin is begun.'"

I am therefore of the opinion that the cases depended upon by the complainant in the instant case are not in point, and that under the rule in Bardes v. Hawarden Bank, supra, the state court had jurisdiction in the foreclosure suit, and the trustee in bankruptcy was given ample opportunity to present, in that court, the defenses and objections now sought to be litigated in the United States District Court under this bill of complaint, in that he was made a party defendant in that suit and duly submitted to its jurisdiction by filing a general appearance therein. No authority from the bankruptcy court to make him a party defendant in the suit in the state court was necessary. Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403; In re Porter (D. C.) 109 Fed. 111 (which held trustee should take steps to intervene in foreclosure suits in state courts to protect interests of creditors of bankrupt); also In re Kanter & Cohen, 121 Fed. 984, 58 C. C. A. 260; In re Smith (D. C.) 121 Fed. 1014; 7 Corpus Juris, 253; Collier on Bankruptcy (10th Ed.) p. 271.

Having reached the conclusion that this court is without jurisdiction to entertain this bill of complaint, it is useless to discuss the equities of the bill, the effect of the filing of a general appearance in the foreclosure suit by the trustee, or the jurisdiction of the state court to entertain such a bill of complaint if filed there.

An order will be entered, dismissing the bill of complaint at the cost of complainant.