The facts in this case are set forth in the brief of complainant as follows:
From 1921 to 1925 Isaac Trugman and Bennie Shpiner, as partners, carried on a business of buying, selling and leasing real estate and buildings thereon. During the course of their partnership transaction, they purchased, with partnership funds, property located at Huntingdon Terrace and Shepard avenue, Newark, New Jersey, and title thereto was taken in their individual names.
By deed dated July 16th, 1925, and recorded in the Essex county register's office on the same day in book Y-72 of deeds for said county, page 3, said Isaac Trugman and Bennie Shpiner conveyedinter alia the above-described property to Nye Construction Company, a corporation, but their respective wives did not join in the conveyance. *Page 39 
On May 23d 1927, Nye Construction Company was adjudicated a bankrupt, and the matter was referred to George W.W. Porter, referee in bankruptcy.
On September 16th, 1927, I. Henry Coyne, trustee in bankruptcy of Nye Construction Company, filed a petition with the said referee to sell the above-described property free and clear of the claims of dower of Pauline Trugman and Beckie Shpiner, the respective wives of said Isaac Trugman and Bennie Shpiner, setting forth the above facts; and an order was duly issued thereon on September 16th, 1927, by the referee, directing Pauline Trugman and Beckie Shpiner to show cause before him why the said lands should not be sold free, clear and discharged from their claims of dower, the lien, if any, to attach to the proceeds. Service of said order to show cause was acknowledged for Pauline Trugman and Beckie Shpiner by Carl Olsan and Milton M. Unger, their respective attorneys.
Upon the return of said order to show cause, George W.W. Porter, referee, signed an order directing the trustee in bankruptcy of Nye Construction Company to sell the above-described lands free and clear of the claims of dower of said Pauline Trugman, and Beckie Shpiner, the lien, if any, to attach to the proceeds. Said order of sale recited: (a) That the matter came on to be heard in the presence, among others, of Milton M. Unger, attorney of Beckie Shpiner, and Carl Olsan, attorney of Pauline Trugman; (b) that Carl Olsan, attorney of Pauline Trugman, entered a special appearance for said Pauline Trugman and objected to the sale of said real estate free and clear of the dower of said Pauline Trugman; (c) that Milton M. Unger, attorney of Beckie Shpiner, made no objection to the sale of said property free and clear of the dower of Beckie Shpiner, but, on the contrary, advanced no claim that the said Beckie Shpiner is entitled to dower in said real estate; and (d) that the premises were purchased by Isaac Trugman and Bennie Shpiner as partners with partnership funds, and that the said funds should not be subject to the dower of Beckie Shpiner inasmuch as said Beckie Shpiner makes no claim of dower. *Page 40 
Pursuant to the said order of sale, the trustee in bankruptcy of Nye Construction Company, on October 7th, 1927, sold the above lands to Louis Koplowitz, the complainant herein, free and clear of the claims of dower of Pauline Trugman and Beckie Shpiner, and said sale was confirmed by the referee on October 8th, 1927.
On December 22d 1927, I. Henry Coyne, trustee, filed a petition with the referee praying that the funds derived from the above sale be freed from the lien of claims of dower of Pauline Trugman and Beckie Shpiner, and an order was thereupon duly issued by the said referee directing Pauline Trugman and Beckie Shpiner to show cause before him why the prayer of said petition should not be granted. Service of this order was acknowledged for Pauline Trugman and Beckie Shpiner by Carl Olsan and Milton M. Unger, their respective attorneys.
Upon the return of said order to show cause, George W.W. Porter, referee, on January 6th, 1928, signed an order adjudging that Beckie Shpiner had no dower or right of dower in the above real estate, and releasing the funds realized from the said sale from her claim of dower, and ordering that the said order to show cause as against Pauline Trugman be adjourned. On January 28th, 1928, said George W.W. Porter made an order adjudicating that the bankruptcy court had jurisdiction to determine the validity of the claim of the dower of Pauline Trugman. In April, 1928, an order was entered in said cause by the referee declaring void the claim of dower of Pauline Trugman in the above real estate and releasing the fund realized from its sale from her said claim. Said order recited that the matter came on to be heard in the presence of Carl Olsan, attorney for Pauline Trugman, and that the court had considered the proofs and the briefs filed.
By deed dated November 4th, 1927, I. Henry Coyne, trustee in bankruptcy of Nye Construction Company, pursuant to the above order of sale, conveyed the premises in question to the complainant, Louis Koplowitz, free and clear of the claims of dower of Pauline Trugman and Beckie Shpiner; *Page 41 
which deed was recorded on November 14th, 1927, in the Essex county register's office in book M-77 of deeds for said county, *page 141. 
Complainant brings this suit to quiet title to the above property, and makes Pauline Trugman and Beckie Shpiner parties thereto in order to remove the cloud upon his title created by the claims of dower of said Pauline Trugman and Beckie Shpiner. It is undisputed that complainant is in possession of the said property, and that no suit, other than the one at bar, is pending between complainant and said defendants concerning the title to this property.
To this should be added a statement of facts by defendants as follows: "From 1922 until June 30th, 1925, the Trugmans and Shpiner continued in the real estate business, buying, building, mortgaging and selling in the same manner as theretofore. Conveyances during this period were all taken in joint names of Isaac Trugman and Bennie Shpiner but all conveyances out of them, all mortgages given by them, and several of the mortgages taken back by them were joined in by or given to Isaac Trugman and Bennie Shpiner and their respective wives."
The sole question in this case, as I see it, is whether the determination in the bankruptcy case is binding on this court.
In Wabash Railroad Co. v. Adelberg College, 208 U.S. 38,
the United States supreme court said that the taking of possession by a court of competent jurisdiction of property through its officers withdraws the property from the jurisdiction of all other courts, and the latter, though of concurrent jurisdiction, cannot disturb that possession during the continuance whereof the court originally acquiring jurisdiction is competent to hear and determine all questions respecting the title, possession and control of the property. The possession of property in the circuit court carries with it exclusive jurisdiction to determine all judicial questions concerning it, and that jurisdiction continues after the property has passed out of its possession by sale.
So, also, in Lion Bonding and Surety Company v. Karatz,262 U.S. 77; 67 L.Ed. 871, Mr. Justice Brandeis says: *Page 42 
"Where a court of competent jurisdiction has by appropriate proceedings taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts [citing cases]. Possession of the res
disables other courts of co-ordinate jurisdiction from exercising any power over it [citing cases]. The court which has acquired jurisdiction through the possession of the property is vested, while it holds possession, with the power to hear and determine all controversies relating thereto."
It is undisputed that the property in question was owned by the Nye Construction Company at the time of its adjudication in bankruptcy and it is well settled that property which is in the possession of a bankrupt to which he claims title at the time of the filing of the petition passes into the custody of the court of bankruptcy.
In the case of In re Schermerhorn, 145 Fed. Rep. 341;76 C.C.A. 215, at the time the bankruptcy was filed and the time of the adjudication, the bankrupt was in possession of eighteen buggies under a claim of ownership. After the adjudication the petitioner, under a claim of title, took possession of these buggies and then asserted exclusive adverse possession. The trustee, then, under an order of the court, repossessed himself of these buggies. The adverse claimant challenged the jurisdiction of the court of bankruptcy to determine his claim to the above property.
Circuit Judge Hook said:
"Upon the filing of a petition in bankruptcy, followed by an adjudication, all property in the possession of the bankrupt of which he claims the ownership passes at once into the custody of the court of bankruptcy and becomes subject to its jurisdiction to determine, by plenary action or summary proceeding, as the nature of the case demands, all adverse or conflicting claims thereto, whether of title or of lien; and that court may, by the process of injunction, protect its jurisdiction against interference. It may draw to itself the determination of all controversies over the property in its possession, and when it once lawfully attaches its jurisdiction cannot be destroyed or impaired by the unauthorized surrender *Page 43 
of possession of the property by the officers of the court, or through a seizure thereof by any adverse claimant. Whitney v.Wenman (U.S.), 25 Sup. Ct. 778; 49 L.Ed. 1157; Mueller v.Nugent, 184 U.S. 1; 22 Sup. Ct. 269; 46 L.Ed. 405; White v.Schloerb, 178 U.S. 542; 20 Sup. Ct. 1007; 44 L.Ed. 1183;Chauncey v. Dyke Bros., 55 C.C.A. 579; 119 Fed. Rep. 1; In reCorbett, 104 Fed. Rep. 872. See, also, In re Rochford,59 C.C.A. 388; 124 Fed. Rep. 182."
Where the bankruptcy court has possession of property it has jurisdiction to determine all adverse claims or controversies with reference to such property. 7 C.J. 34; 7 C.J. 102; In reHobbs Co., 145 Fed. Rep. 211; In re Kellogg, 121 Fed. Rep. 333;In re Lipman, 201 Fed. Rep. 169; Bear Gulch Placer Mining Co. v.Walsh, 198 Fed. Rep. 351.
I conclude that the determination of the bankruptcy court is binding upon this court. It was thus settled beyond dispute that Beckie Shpiner and Pauline Trugman have no right of dower in the premises in question. It is unnecessary to consider any of the other points raised by counsel in this matter.
I will advise a decree in accordance with the prayer of complainant's bill. *Page 44