## In re GAS PRODUCTS CO.

### DOUSMAN v. GODFREY L. CABOT, Inc., et al.

#### No. 2456.

District Court, D. Montana.

March 9, 1932.

George W. Farr, of Miles City, Mont., for trustee.

C. H. Loud, of Miles City, Mont., for respondents.

PRAY, District Judge.

This matter is before the court on a petition by the trustee in bankruptcy of the Gas Products Company, a corporation, bankrupt, seeking an order restraining the sale of certain real and personal property of the bankrupt about to be disposed of under an order of sale made by the district court of the State of Montana, in and for the county of Fallon, in a foreclosure suit by Godfrey L. Cabot, Inc., a corporation, as plaintiff against the Gas Products Company, a corporation, as defendant. An order to show cause was issued by this court directed to the sheriff of Fallon county, Mont., and to said plaintiff, and the return made by both is now before the court for consideration, having been submitted by counsel for the respective parties on oral arguments and briefs. An involuntary petition in bankruptcy was filed in this court for the adjudication of the Gas Products Company, a corporation, as a bankrupt on January 20, 1930. The foreclosure suit of Godfrey L. Cabot, Inc., was commenced by filing its complaint in the district court of Fallon county on January 29, 1930. The Gas Products Company was adjudged a bankrupt on February 13, 1930. Charles J. Dousman qualified as trustee on March 20, 1930.

On July 5, 1930, the trustee filed his petition to intervene in the foreclosure suit in the state court, which was granted on July 19th, on which date the trustee intervened and interposed defenses to the legality of the mortgages; set up several counterclaims for damages; consented to the trial of the suit in the state court; attended the trial and submitted testimony in support of his defenses and counterclaims; and requested the court to make findings of fact and conclusions of law in his favor. The state court decided the issues in favor of the mortgagee, sustaining the mortgages and holding against the defenses and counterclaims of the trustee in bankruptcy.

In Isaacs v. Hobbs T. & T. Co., 282 U. S. 734, 737, 738, 739, 51 S. Ct. 270, 271, 75 L. Ed. 645, it was held: "Upon adjudication, title to the bankrupt's property vests in the trustee with actual or constructive possession, and is placed in the custody of the bankruptcy court. Mueller v. Nugent, 184 U. S. 1, 14, 22 S. Ct. 269, 46 L. Ed. 405. The title and right to possession of all property owned and possessed by the bankrupt vests in the trustee as of the date of the filing of the petition in bankruptcy, no matter whether situated within or with-

out the district in which the court sits. Robertson v. Howard, 229 U. S. 254, 259, 260, 33 S. Ct. 854, 57 L. Ed. 1174; Wells & Co. v. Sharp (C. C. A.) 208 F. 393; Galbraith v. Robson-Hilliard Grocery Co. (C. C. A.) 216 F. 842. It follows that the bankruptcy court has exclusive jurisdiction to deal with the property of the bankrupt estate. It may order a sale of real estate lying outside the district. Robertson v. Howard, supra; In re Wilka (D. C.) 131 F. 1004. When this jurisdiction has attached, the court's possession cannot be effected by actions brought in other courts. White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183; Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327; Dayton v. Stanard, 241 U. S. 588, 36 S. Ct. 695, 60 L. Ed. 1190. * * * As mortgaged property ordinarily lies within the district in which the bankruptcy court sits, and the mortgagee can consequently be served with its process, the procedure usually followed is for that court to restrain the institution of foreclosure proceedings in any other. * * * In re Patterson Lumber Co. (D. C.) 228 F. 916; Id. (D. C.) 247 F. 578. Compare Security Mortgage Co. v. Powers, 278 U. S. 149, 49 S. Ct. 84, 73 L. Ed. 236. Such injunctions are granted solely for the reason that the court in which foreclosure proceedings are instituted is without jurisdiction, after adjudication of bankruptcy, to deal with the land or liens upon it save by consent of the bankruptcy court."

Another late case in point is that of Straton et al. v. New, Trustee in Bankruptcy, et al., 283 U. S. 318, 321, 51 S. Ct. 465, 466, 75 L. Ed. 1060, wherein it was held: "The filing of the petition is an assertion of jurisdiction with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. This jurisdiction is exclusive within the field defined by the law, and is so far in rem that the estate is regarded as in custodia legis from the filing of the petition. Acme Harvester Co. v. Beckman Lumber Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208. It follows that liens cannot thereafter be obtained nor proceedings be had in other courts to reach the property, the district court having acquired the exclusive right to administer all property in the bankrupt's possession. Lazarus v. Prentice, 234 U. S. 263, 34 S. Ct. 851, 58 L. Ed. 1305; White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183; Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327;

U. S. Fidelity & G. Co. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055; Hebert v. Crawford, 228 U. S. 204, 33 S. Ct. 484, 57 L. Ed. 800. It may inquire into the validity of liens, marshal them, and control their enforcement and liquidation. Isaacs v. Hobbs T. & T. Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645, and authorities cited; Whitney v. Wenman, 198 U. S. 539, 25 S. Ct. 778, 49 L. Ed. 1157; Remington, Bankruptcy (3d Ed.) § 2472. Though a lien be not discharged by bankruptcy, its owner may not, without the bankruptcy court's permission, institute proceedings in a state court to enforce it, since his so doing might interfere with the orderly administration of the estate. Thus a mortgagee will be restrained from instituting or proceeding further in a foreclosure action, begun after the date of the petition in bankruptcy."

The question wholly decisive of this controversy seems to be whether the bankruptcy court should be held to have given the trustee permission to proceed, as he did, in the state court; without such permission or consent the injunctive relief sought unquestionably should be granted. The first appearance of the trustee in the state court was made by filing a petition in the foreclosure suit, setting forth various proposed defenses and asking for a stay of proceedings: "In order that petitioner may have ample time within which to make a complete and exhaustive investigation of the dealings between the Gas Products Company and the plaintiff in this case, and the officers of the said respective corporations with each other, in order to determine the nature and character of the defenses which may and should be interposed in this suit, it is necessary that a stay of proceedings be had for such purposes. That as soon as petitioner has obtained the necessary information in order to enable him to intervene and defend and set up the cross-complaints and counter-claims that he is informed and believes should be interposed, he will then make proper application to the court for such purpose." The state court granted a stay of sixty days. Thereafter the trustee petitioned the referee in bankruptcy, stating, among other things: "That there is also pending in the District Court of the Sixteenth Judicial District of the State of Montana, in and for the County of Fallon, a certain action, brought by the said Godfrey L. Cabot, Inc., against the above named bankrupt, subsequent to the filing of the petition in bankruptcy herein seeking to foreclose certain alleged mortgages which, if

valid, constitute a lien against the assets of said estate; that your petitioner has filed his petition praying for the abatement of the said foreclosure proceedings in said state court, until such time as your petitioner can investigate and ascertain what, if any, defenses and counter-claims may be interposed in said foreclosure proceedings. That the said mortgages were alleged to have been given for the purpose of securing indebtedness of approximately $107,000. That it will be necessary for your petitioner to further employ the services of counsel in the investigation of the legal phases of said matters hereinbefore referred to and appearing in said foreclosure action and in the matters pending in this court * * * wherefore your petitioner respectfully prays for an order approving the employment of said counsel in the past and authorizing and permitting him to retain the said firm of Farr & McNaught as his counsel in this proceeding and in other matters touching upon the administration of the said estate in whatever courts they may be prosecuted." The referee thereafter considered the foregoing petition and an affidavit of A. G. McNaught thereto attached which does not appear in the files, but who presumably is a member of the law firm of Farr & McNaught, and added supplemental matter showing the necessity for employment of counsel to defend the suit in the state court and attend to other business of the trustee and the bankrupt estate, and pursuant thereto, the following order was made by the referee: "Upon the petition of Charles J. Dousman, trustee of the above named bankrupt, on file herein, duly verified on the 19th day of May, 1930, and the affidavit of A. J. McNaught thereto attached, and sufficient reason appearing therefor it is hereby ordered that the said Charles J. Dousman, as trustee in bankruptcy of the above named estate be, and he is hereby authorized and empowered to retain the firm of Farr & McNaught of Miles City, Montana, as his attorneys herein." Thereafter the trustee filed his petition in the state court asking leave to intervene and file his "answer in intervention," which was granted, and he thereafter entered the state court to "become a party to the above entitled action." Later a hearing was had on the merits, the trustee being present and introducing evidence in support of his contentions; he filed a motion to dismiss for lack of jurisdiction, but, as claimed by counsel for defendants, he does not appear to have relied upon it and that he afterwards abandoned it and later filed with the court briefs and proposed findings of fact and conclusions of law.

It is apparent from the foregoing that the referee was fully advised that one of the purposes of the trustee in employing counsel was to appear in the foreclosure suit in the state court and interpose defenses and counterclaims, and thereby become a party to that suit. Was "consent" or "permission" given in the sense of the proper interpretation of the language of the decisions relied upon as applied to the facts. The usual signification of the word "consent" implies assent to some proposition submitted. Under the provisions of the Bankruptcy Act (11 USCA § 46 (b), which requires that suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them if bankruptcy proceedings had not been instituted, "unless by consent of the proposed defendant, etc.," it was held: "The defendants consent need not have been given before the suit was instituted, nor need it expressly appear of record, but may be sufficiently shown by conduct necessarily implying such consent. Where in a suit by the trustee the defendants appeared and filed pleas to the merits, including not merely defensive pleas but a plea of set-off in which they affirmatively invoked the jurisdiction of the court in their own behalf and prayed for judgment against the plaintiff and proceeded to a trial upon the merits without objection to the jurisdiction of the court, they must be deemed to have consented to the prosecution of the suit in the federal court within the meaning of such section." McEldowney v. Card (C. C.) 193 F. 475, 478. "And where the trustee seeks affirmative relief or voluntarily submits himself to the jurisdiction of the state court he is, of course, bound by its decisions, whether favorable or unfavorable to him." 5 Rem. §§ 2285 also 2131.

In the instant case it has been established that the mortgages were executed more than four months prior to bankruptcy. If the facts here show that proper consent was actually given and a full trial had on the merits, as outlined above, it would seem to be a useless thing to do, aside from the error committed, to allow the trustee to shield himself from the consequences of the judgment in the state court through protection of the bankruptcy court. The higher courts will probably have still more to say respecting the much discussed question of procedural jurisdiction over mortgage foreclosures, but:

it seems to this court that the practice is clear in regard to suits begun in the state courts before the petition in bankruptcy and those begun after the filing of the petition with consent.

In view of the showing made by the defendants and the law governing, it appears that the bankruptcy court is without jurisdiction to proceed further and that the restraining order should be vacated and set aside, and it is so ordered.