In re WIEDMER.

CICHON v. BELTON, Conciliation Commissioner.

No. 5655.

Circuit Court of Appeals, Seventh Circuit.
March 20, 1936.

William B. Rubin and W. C. Zabel, both of Milwaukee, Wis., for appellant.

Charles E. Lyon, of Elkhorn, Wis., and Edmund B. Shea, of Milwaukee, Wis., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

This is an appeal from an order of the District Court adjudging appellant guilty of contempt and sentencing him to three months imprisonment. The contempt was based upon the alleged acts of appellant in advising, aiding and abetting in the removal out of the Eastern District of Wisconsin of certain personal property to which the court's jurisdiction had attached under section 75 of the Bankruptcy Act, as amended 11 U.S.C.A. § 203.

Appellant contends: (1) There was no contempt; (2) he committed no contempt; and (3) the court erred in refusing to sustain his motion to dismiss the charge at the conclusion of all the evidence.

The following facts are supported by substantial evidence: Fred Wiedmer, a tenant farmer, debtor, then a resident of Walworth County, filed his petition for relief under section 75 of the Bankruptcy Act on September 30, 1935, and on the following day the court referred the petition to the appellee, the conciliation commissioner for Walworth County, Wisconsin. On October 2, 1935, pending the proceeding, Wiedmer moved out of the county and out of the district, taking with him his livestock and farm machinery to which the jurisdiction of the court had attached under the proceedings. Prior to this removal, the commissioner had ordered Wiedmer not to remove the property. The order of the commissioner was in writing and was served by a deputy sheriff of Walworth County. Appellant was a neighbor of Wiedmer and was not a lawyer, and there is abundant evidence in the record to the effect that appellant not only advised Wiedmer to disregard the order and to remove his property, but he also urged him to do so. The commissioner then brought the facts to the attention of the court and both Wiedmer and appellant were cited to show cause why they should not be held in contempt. Both were found guilty of contempt, and Wiedmer was granted a stay to enable him to return the property. No stay, however, was granted to appellant.

The only questions of importance here are: (1) Did the commissioner have the right to make such order, and (2) did the violation of the order amount to contempt. Under section 75 (b), as amended, 11 U.S.C.A. § 203 (b), the Supreme Court is authorized to make such general orders as it may find necessary properly to govern the administration of the office of the conciliation commissioner, and proceedings under that section. By virtue of this provision, the Court promulgated General Orders in Bankruptcy No. 50, section 11 of which (11 U.S.C.A. following section 53) is as follows: "Insofar as is consistent

with the provisions of section 75 (11 U.S. C.A. § 203) and of this general order, the conciliation commissioner shall have all the powers and duties of a referee in bankruptcy and the general orders in bankruptcy shall apply to proceedings under said section." In White v. Schloerb, 178 U.S. 542, 20 S.Ct. 1007, 1008, 44 L.Ed. 1183, it was said that referees in bankruptcy take the same oath of office as judges of the United States courts and exercise much of the judicial authority of those courts. That court further said:

"At the date of this adjudication * * * in bankruptcy * * * the goods were in the store of the bankrupts and in their actual possession, and were claimed by them as their property. On the same date that court referred the case to a referee in bankruptcy, and by his direction the entrance to the store was locked. The goods were then in the lawful possession and custody of the referee in bankruptcy, and of the bankruptcy court, whose representative and substitute he was. Being thus in the custody of a court of the United States, they could not be taken out of that custody upon any process from a state court."

Much less, we think, can it be said that such goods can be removed by the bankrupt. This conclusion seems to be supported by Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 274, 46 L.Ed. 405, in which it was said:

"We think the referee has the power to act in the first instance in matters such as this, when the case has been referred, and in aid of the court of bankruptcy, and exercises in such cases 'much of the judicial authority of that court.'"

■ Under the authorities cited we are convinced that a conciliation commissioner, after the petition has been referred to him, has power to assume control over the bankrupt's assets, and to deprive the bankrupt of control of his assets, and to make appropriate orders for those properties. Such property is then in custodia legis and its status quo may not be disturbed by the bankrupt.

■ We are further convinced that the commissioner's order in this case was a proper exercise of his power of control of the property in question and that the bankrupt had no right whatever to disregard that order. Section 75(e), 11 U.S.C.A. § 203(e), provides that after the filing of

the petition and prior to the confirmation or other disposition of the composition or extension proposal by the court, the court shall exercise such control over the property of the farmer as it deems in the best interests of the farmer and his creditors. This would seem to imply a prohibition against the debtor's acts with reference to his property which might hamper, embarrass or defeat the court's power in the premises.

It is of no consequence whether the property in question was moved by Wiedmer to an adjoining county or within the same county, nor that it was not taken outside the jurisdiction of the District Court, although it was taken into a different district. The court has the right to designate the particular place within his jurisdiction or within his district at which the property shall be kept and we cannot concern ourselves with the wisdom of the court's conclusion in this respect unless it is so clearly arbitrary as to amount to an abuse of discretion.

■ The remaining question is whether the commissioner was entitled to exercise the court's power to prevent the removal of the bankrupt property. It is clear that under article L of the general orders in bankruptcy, the duties and powers of the conciliation commissioner are the same as those conferred upon referees. With respect to the powers and duties of referees, the following is found in number 12 of the General Orders (11 U.S.C.A. following section 53):

"1. The order referring a case to a referee shall name a day upon which the bankrupt or debtor shall attend before the referee, and from that day the bankrupt or debtor shall be subject to the orders of the court in all matters relating to the proceedings. * * * A copy of the order shall forthwith be sent by mail to the referee, or be delivered to him personally by the clerk or other officer of the court. And thereafter all the proceedings, except such as are required by the Act or by these general orders to be had before the judge, shall be had before the referee."

This rule is in conformity with section 38 of the Act, 11 U.S.C.A. § 66, and is also consistent with what has heretofore been quoted from White v. Schloerb, supra. We are convinced, therefore, that the conciliation commissioner in the case before us had the power to issue the order complained of, and it was not necessary

as a basis for the contempt proceedings that a restraining order should have been issued directly by the court. See Remington on Bankruptcy (3d Ed.) § 2522, and Clay v. Waters (C.C.A.) 178 F. 385, 21 Ann.Cas. 897.

It is not necessary to set forth the evidence in this case with respect to the acts of appellant. It is sufficient to say that his acts were done with full knowledge of all the facts, and with an arrogant, but mistaken, assumption of knowledge of the law. It is obvious that Wiedmer would have obeyed the order of the commissioner had it not been for the defiant attitude of appellant.

Judgment affirmed.