## In re ASHWORTH.

### No. 7269.

District Court, E. D. Illinois.

March 22, 1938.

Bryan H. Tivnen and Carus Icenogle, both of Mattoon, Ill., for petitioner.

J. E. Dazey, of Findlay, Ill., for debtor.

WHAM, District Judge.

On August 15, 1936, Alice Adaline Ashworth filed her debtor's petition in this court for composition or extension of her debts under the provisions of section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, and said petition was allowed and forwarded to the proper conciliation commissioner on the same day.

There appeared on her schedules a tract of land in Coles County, Illinois, containing 102.20 acres subject to a mortgage deed to secure a promissory note in the original sum of $12,700 owned by the petitioner, Richard J. Tivnen, which mortgage was foreclosed by a decree of the Circuit Court of said Coles County in March, 1936, and the land ordered sold. The sale was advertised for September 10, 1936, but prior thereto debtor secured a restraining order from this court which, though it allowed the sale, restrained the Master in Chancery from issuing a certificate of sale or filing a report of the sale until further order of this court.

Said foreclosure suit was filed prior to October 1, 1935, and on that date the State Court appointed Thomas R. Figenbaum receiver of said lands and the rents, issues and profits thereof, with directions. Said receiver, having qualified by giving bond, was acting as such receiver at the time and after these proceedings were instituted. He had leased the land and was collecting the rents, issues and profits therefrom.

The failure of the debtor to obtain a composition or extension of her debts was reported to the court and, on October 23, 1936, upon a proper petition, she was adjudicated a bankrupt under section 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub.s, and the case was referred to the conciliation commissioner for administration.

On May 15, 1937, the bankrupt filed her petition before the conciliation commissioner for an order requiring Thomas R. Figenbaum, the aforesaid receiver, to turn over to the conciliation commissioner the possession of the lands of the bankrupt of which he had possession as the receiver, all leases and contracts made by him affecting said land and all monies collected therefrom as such receiver. Said receiver filed his answer to said petition, setting up his appointment by the Circuit Court of Coles County October 1, 1935, in the foreclosure proceedings, the order of foreclosure and sale, his lawful possession under the order of that court, denied the jurisdiction of the conciliation commissioner as to this land but averred his willingness to abide by the orders of this court. Upon hearing, the conciliation commissioner on June 4, 1937, sustained bankrupt's petition, ordered the receiver to deliver possession of the land and pay over to the conciliation commissioner all monies held by him, as receiver of said land. The receiver

filed his petition for review and the conciliation commissioner has certified the question here for review.

In attacking the jurisdiction of the conciliation commissioner to enter said order, the receiver, in his petition for review, avers, in substance, among other things, that bankrupt's petition for adjudication was not filed in good faith, that she was not a farmer within the meaning of the Act, that her proposal was insufficient under the Act and that at no time immediately preceding and at no time following the filing of bankrupt's petition had there been any reasonable probability or hope that she would be able financially to rehabilitate herself within the period allowed by the statute.

█ Upon the hearing on the petition before this court it appeared from the record that in the report of the conciliation commissioner in which he reported to the court that debtor had failed to obtain a composition or extension, the conciliation commissioner recommended that debtor be adjudicated a bankrupt but expressed doubt as to her ability financially to rehabilitate herself. It further appeared from the record that subsequent events had furnished added support to the doubt expressed by the conciliation commissioner. In view of this situation the court ordered the matter referred back to the conciliation commissioner to take further evidence on the issues involved in said motion to dismiss, and, particularly, with reference to the question as to whether or not there is reasonable hope that the bankrupt will be able to refinance or financially rehabilitate herself within the three-year period of the moratorium provided by the statute, and report such evidence to the court with his findings of fact, conclusions of law and recommendations as to the proper disposition of the petition for review in light of the evidence so taken.

The conciliation commissioner has now made his report. Pursuant to the order of the court, he received evidence from numerous witnesses relating to said issues, all parties of interest, including the bankrupt, being represented by counsel. He has transmitted to the court a transcript of the evidence so taken with his summary of same, his findings, conclusions and recommendation. Based upon said evidence, the conciliation commissioner finds that because of her advanced age, her heavy indebtedness, her lack of income from sources other than her farm properties and the character of her property and the amount and character of the indebtedness thereon there is now no reasonable hope that the bankrupt will be able to refinance or financially rehabilitate herself within the three-year period provided by the statute. He recommends that the court appoint a trustee and that the estate of the bankrupt be administered under the procedure prescribed by the Bankruptcy Act.

An examination of the transcript of the evidence shows that the said findings of the conciliation commissioner are fully supported by the evidence. All of bankrupt's unexempt property that is of substantial value is encumbered far beyond its worth. She has real estate in several different states, but none of it outside of Illinois is capable of producing any substantial income to her estate. Only one tract is unencumbered and it has slight value. The title to part of her lands is in question. Her only valuable, income-producing land, is the tract here in question of 102.20 acres in Illinois and it is not only encumbered far beyond its value but the income therefrom is not sufficient to enable the bankrupt to make any progress toward financial rehabilitation. Since her adjudication she has taken no steps and made no progress toward her financial rehabilitation. She does not live on any of her farm lands. She is aged and helpless and has no one upon whom she can depend for competent assistance in conducting her farming operations and in the management of her widely scattered lands. Indeed, with the most competent assistance, it appears that she could not hope to succeed in a program of rehabilitation in view of the character of her lands and her financial state. Obviously, the bankrupt is beyond all hope of financial rehabilitation and a further moratorium under section 75 can have no effect beyond postponing inevitable liquidation. It is clear from the evidence that not only is there now no reasonable hope that the bankrupt can refinance herself or rehabilitate herself financially within the period granted by the statute but there was no reasonable hope thereof at the time she filed her petition herein.

█ A further consideration of the petition to review has led to the conclusion that the attack upon the jurisdiction of the conciliation commissioner due to alleged weaknesses in the factual foundation by which the bankrupt's petition for

adjudication is supported, must fail as coming too late. Though this land had been subjected to the injunctive process of this court, nearly eight months had elapsed after the order of adjudication before the petitioner questioned the order. Jurisdiction over the particular land in question, though in the physical possession of the receiver of the State Court at the time the bankruptcy proceedings were begun, in view of bankrupt's equity of redemption therein, is clearly conferred by the statute upon the bankruptcy court and that jurisdiction had been asserted by said injunctive order. Wherefore, the petition for review must be denied unless the fact, established by the evidence, that the bankrupt cannot refinance or rehabilitate herself within the period of the statute, requires the court, in the exercise of a sound discretion, to liquidate the estate and renders the conciliation commissioner's order upon the receiver of the State Court to give up possession of the tract of land in question and the rents therefrom harmful to the best interests of bankrupt and the creditors, including the mortgagee, Richard J. Tivnen.

 Paragraph (3) of subsection s of section 75 of the Bankruptcy Act provides: "If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this Act [title]."

When, as in this case, a reasonable time having elapsed, it appears that the bankrupt cannot rehabilitate herself within three years the court has the discretion and, in my opinion, if the best interests of the creditors require it, it becomes the duty of the court, to order the appointment of a trustee and order the property sold or otherwise disposed of as provided in the Bankruptcy Act. In re Reichert, D.C., 13 F.Supp. 1; Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S. Ct. 556, 562, 81 L.Ed. 736, 112 A.L.R. 1455 (see headnote 1 and note 6 to said decision). In the latter case the court said, "Paragraph 3 also provides that 'if * * * the debtor at any time * * * is unable to refinance himself within three years,' the court may close the proceedings by selling the property. This clause must be interpreted as meaning that the court may terminate the stay if after a reasonable time it becomes evident that there is no reasonable hope that the debtor can rehabilitate himself within the three-year period."

 In view of the clear duty of the court to order the appointment of a trustee and the sale or other disposition of the bankrupt's property under the Act, it would not only be a useless proceeding, but a harmful one, to require the State Court receiver to give up possession of the 102.20 acre tract of land and turn over to the conciliation commissioner the leases and contracts thereon and rents he has collected therefrom. Under the terms of the mortgage and the decree of the State Court the rents belong to the mortgagee, Richard J. Tivnen. The value of the lands does not exceed $13,500, while the accumulated indebtedness against it is now approximately $20,000. Neither the bankrupt or the other creditors have any possible beneficial interest in this tract of land. Ultimately, this land will have to be abandoned as burdensome. No benefit to bankrupt or creditors can possibly accrue from an enforcement of the order of the conciliation commissioner of which a review is sought.

It will be the order of this court that the petition for review of the order of the conciliation commissioner be sustained, that the order of the conciliation commissioner be vacated and set aside and the petition of the bankrupt for an order requiring the receiver to turn said land and rents over to the conciliation commissioner be denied.

It will be the further order of the court, in view of the evidence and the finding of the conciliation commissioner and of the court, that the bankrupt cannot refinance and rehabilitate herself within the three years allowed by statute, that a trustee be appointed and the property of the bankrupt be sold or otherwise disposed of as provided in the Bankruptcy Act.

For the guidance of the conciliation commissioner, perhaps some comment should be added with reference to procedure.

 Under section 75 of the Bankruptcy Act a conciliation commissioner is required to have all the qualifications of a referee in bankruptcy and is clothed with the authority of a referee in bankruptcy in so far as may be necessary to carry out the provisions of said section 75. Para-

graph (11), General Order L of Supreme Court in Bankruptcy, 11 U.S.C.A. following section 53; In re Wiedmer, 7 Cir., 82 F.2d 566. Section 1, clause (7) of the Bankruptcy Act in defining the word "court" as used in the Bankruptcy Act, says, " 'court' shall mean the court of bankruptcy in which the proceedings are pending, and may include the referee." Section 38 of the Bankruptcy Act, Title 11, sec. 66, U.S.C.A., sets forth the jurisdiction of a referee and provides, among other things, that subject to certain exceptions not here pertinent, a referee may perform such part of the duties as are by this title conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts. See General Order XII; White v. Schloerb, 178 U.S. 542, 20 S.Ct. 1007, 44 L.Ed. 1183. Rule VIII of the Rules in Bankruptcy of the district court for this district provides: "The referee heretofore or hereafter appointed for the Eastern District of Illinois is hereby vested with the jurisdiction which the bankruptcy act of July 1, 1898, the amendments subsequent thereto, and this court, or a judge thereof, may delegate to or confer upon said referee, and he is empowered and authorized to do all acts, to take all proceedings, make all orders and decrees, and perform all duties so authorized to be delegated by said act and said general orders under the general authority conferred by this court without the grant of special authority in each case." Thus, it will be seen that by general rule in this district the referee or the conciliation commissioner, as the case may be, is empowered and authorized to do all things that can be delegated to him by the court in the order of reference.

In view of the foregoing, it would seem that in this district the term "court" as used in the last sentence of paragraph (3) of subsection s of section 75 includes conciliation commissioner within its meaning. Wherefore, a conciliation commissioner has authority in a proper case to order the appointment of a trustee as provided in said paragraph (3) of section 75 s and to order the property sold or otherwise disposed of as provided for in this Act. Since the provision of said paragraph (3) is that, "the court may order the appointment of a trustee" and since the "court" may be the conciliation commissioner, it would seem to be the meaning of the Act, that, upon the entry of an order that a trustee be appointed, whether by the judge or by the conciliation commissioner, such trustee should be appointed by the creditors as provided by section 44 of the Bankruptcy Act, 11 U.S.C.A. § 72, at a meeting of the creditors duly called by the conciliation commissioner for that purpose.

The order directing the appointment of the trustee and the sale or other disposal of the property as provided in the Bankruptcy Act having been entered here by the judge, the conciliation commissioner, upon receipt of the order, should proceed forthwith to call a meeting of the creditors of said estate for the purpose of choosing a trustee to administer and liquidate said estate under the provisions of the Bankruptcy Act, including section 75 of said Act. The said conciliation commissioner should proceed as a referee in bankruptcy to supervise the administration of the said estate, direct the actions of the trustee therein, sell all property in which the bankrupt has a valuable interest over and above her exemptions, abandon such property as may be burdensome or expensive to the estate by reason of the bankrupt having no equity therein or there being no value therein for the creditors and otherwise settle and administer the bankrupt's estate and distribute the proceeds thereof to her creditors in accordance with the provisions of the General Bankruptcy Act, including section 75 of said Act.

The bankrupt should file her application for a discharge as she would under the General Bankruptcy Act and the application should be disposed of by the procedure and in manner provided in said Act.

An order may be entered in accordance herewith and a certified copy thereof delivered to the conciliation commissioner for his guidance.